659 So.2d 1344 (1995)
Arthur SYVERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1008.
District Court of Appeal of Florida, Fifth District.
September 8, 1995.
*1345 Arthur Syverson, Wewahitcka, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for appellee.
THOMPSON, Judge.
Arthur Syverson timely appeals the denial of his motion to correct his sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. On appeal, Syverson challenges the reduction of the amount of provisional credit originally awarded to him by the trial court. We reverse because we conclude that the trial court lacked jurisdiction to modify Syverson's sentence more than 60 days after its imposition.
The record shows that Syverson originally pled guilty to attempted second-degree murder and attempted robbery. The court accepted Syverson's plea and sentenced him to a six-year prison term, to be followed by two years of probation. Syverson was released from prison and violated probation. After entering a plea to violation of probation, Syverson was sentenced to two years community control. He was given credit for time served on the original sentence, in addition to 67 days on both counts. Subsequently, Syverson violated community control and entered a plea. On 16 March 1993, Syverson was sentenced to 12 years in the Department of Corrections. Syverson received six years and 129 days on both counts as credit for time served. The state did not appeal Syverson's sentence. On 7 May 1993, however, the state moved to correct Syverson's sentence. The state argued that Syverson's sentence was an illegal sentence correctable at any time because Syverson received more credit than he earned for time served. On 19 May 1993, the trial court amended Syverson's sentence, nunc pro tunc, by reducing his credit for time served by 770 days of provisional credit and one administrative day. Syverson subsequently filed a rule 3.800 motion to correct the amended sentence, and the trial court denied the motion.
On appeal, Syverson contends that the state's motion to correct his sentence pursuant to rule 3.800(a) was improper because the state was seeking to correct a legal sentence and, therefore, rule 3.800(a) was inapplicable. Syverson further contends that, because his sentence was legal at the time it was imposed, the trial court lacked jurisdiction to reduce his credit for the amount of time served pursuant to rule 3.800(a). See Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989).
We agree with Syverson that the trial court's correction of his sentence pursuant to rule 3.800(a) was erroneous because the trial court was correcting a legal sentence. See Thomas v. State, 648 So.2d 298 (Fla. 5th DCA 1995). The sentence was within the guidelines and within the statutory maximum. Had Syverson received less jail credit than he earned, a motion would have been proper. See Jean v. State, 627 So.2d 592 (Fla. 2d DCA 1993) (concluding that inadequate jail credit results in an illegal sentence for purposes of rule 3.800).
Nonetheless, the trial court could have entered an order modifying the sentence within 60 days after imposition of sentence. A legal sentence may be modified or reduced by a trial court pursuant to rule 3.800(b) within 60 days after the sentence has been imposed. Here, however, the trial court amended Syverson's sentence 63 days after his legal sentence had been imposed. Thus, the trial court lacked jurisdiction to *1346 reduce Syverson's credit for time served pursuant to rule 3.800(b).
Accordingly, we reverse the order denying Syverson's rule 3.800 motion and remand to the trial court to reinstate the sentence imposed on 16 March 1993, the time of Syverson's sentencing for the violation of probation.
REVERSED and REMANDED with directions.
PETERSON, C.J. and GOSHORN, J., concur.