702 So.2d 236 (1997)
Alan LINTON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02995.
District Court of Appeal of Florida, Second District.
October 31, 1997.
PER CURIAM.
Appellant, Allen Linton, challenges the order of the trial court summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant's motion raises two grounds for relief. We affirm, without discussion, the trial court's denial of appellant's first claim. However, we treat appellant's claim that the trial court improperly rescinded jail credit that it had previously awarded appellant as a motion to correct an illegal sentence[1] and reverse and remand with instructions to the trial court to restore the rescinded credit.
Appellant, according to his motion, entered pleas to two counts of attempted capital sexual battery and four counts of lewd and lascivious conduct. He was sentenced to twenty-year prison terms on counts I and II with the sentences to run consecutively to each other. He received probationary terms on each of the counts of lewd and lascivious conduct which were run consecutively to the prison sentences and to each other. The trial court awarded appellant credit on both count I and count II for the time he had spent in county jail prior to sentencing. The State later filed a motion to correct sentence on the basis that appellant was not entitled to jail credit against the prison sentence imposed on count II. Three months after it initially imposed sentence, the trial court granted the State's motion and rescinded the jail credit on count II. Appellant, in his motion, argues that the trial court had the discretion to award credit on count II and, therefore, it was not an illegal sentence that could be corrected under rule 3.800(a). He further argues that the trial court did not have jurisdiction to modify his sentence under rule 3.800(c), previously rule 3.800(b), because more than sixty days had passed since the imposition of sentence.
We agree that the trial court had no authority to rescind appellant's jail credit under rule 3.800(c). Not only had the sixty-day jurisdictional limit passed, but the rescinding of previously awarded jail credit is an enhancement of appellant's sentence for which there is no provision in the Florida Rules of Criminal Procedure. See Gilmore v. State, 523 So.2d 1244 (Fla. 2d DCA 1988). Furthermore, the enhancement of a sentence after its initial imposition violates the prohibition against double jeopardy. See Lippman *237 v. State, 633 So.2d 1061 (Fla.1994) (double jeopardy protection against multiple punishments includes protection against enhancement of conditions of probation). Under rule 3.800(a), a trial court may at any time correct an illegal sentence imposed by it. However, even though a defendant is not entitled to an award of jail credit against each prison term when he receives consecutive prison sentences on multiple charges,[2] we conclude that such an award is not an illegal sentence where the defendant has spent time in jail on those charges. The trial court's action in rescinding appellant's previously awarded jail credit constitutes an illegal enhancement of appellant's sentence.
Reversed and remanded, with instructions.
BLUE, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.
NOTES
[1] See Ward v. State, 97-03003 (Fla. 2d DCA 1997).
[2] See Daniels v. State, 491 So.2d 543 (Fla.1986); Bell v. State, 610 So.2d 737 (Fla. 2d DCA 1993).