777 So.2d 995 (2000)
John BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4212.
District Court of Appeal of Florida, Second District.
November 3, 2000.
Rehearing and Clarification Denied December 5, 2000.
*996 PER CURIAM.
John Bailey appeals the trial court's order denying his motion to correct an illegal sentence. We reverse.
In July 1994, Bailey was sentenced to prison on three felony charges. Although he was entitled to 574 days' credit for jail time, the trial court erroneously granted 574 days' credit on each charge. Because Bailey's sentences were ordered to run consecutively, this resulted in an award of 1722 days' jail credit.
In November 1994, ninety-four days after the sentence was imposed, the State filed a motion to "clarify" Bailey's sentence, seeking to correct the amount of jail credit awarded. The trial court granted the State's motion and amended Bailey's sentence to reflect a total of 574 days' jail credit against all of the charges. In December 1999, Bailey filed a motion pursuant to Florida Rule of Criminal Procedure 3.800, contending that the November 1994 amendment to his sentence was illegal because the trial court had no authority to modify his sentence ninety-four days after it was originally imposed. The trial court denied that motion, and this appeal followed.
This court addressed this exact issue in Linton v. State, 702 So.2d 236 (Fla. 2d DCA 1997), and held that a trial court has no authority to rescind a defendant's jail credits after the sixty-day period for modifying a sentence provided in Florida Rule of Criminal Procedure 3.800(c), even when the jail credits were improperly awarded. The award of improper jail credits does not make the defendant's sentence illegal and therefore subject to modification at any time. Id. at 237. Moreover, any attempt to rescind jail credits already awarded constitutes an enhancement of the defendant's sentence that violates the prohibition against double jeopardy. Id. at 236.
In this case, the trial court had no authority in November 1994 to modify Bailey's July 1994 sentence by rescinding his jail credits. In addition, its attempt to do so constituted a double jeopardy violation. Therefore, we reverse and remand to the trial court to reinstate the jail credits originally awarded Bailey in July 1994.
Reversed and remanded.
PARKER, A.C.J., and WHATLEY and SALCINES, JJ., concur.