870 So.2d 165 (2004)
Enrique LEBRON a/k/a Ricky Sosa, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D02-5589, 2D02-5590.
District Court of Appeal of Florida, Second District.
January 28, 2004.
VILLANTI, Judge.
Enrique Lebron, a/k/a Ricky Sosa, appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). While we affirm the denial of the claims raised in Lebron's motion, we note that there is apparently a lingering discrepancy in the Department of Corrections' records concerning the judgments under which Lebron is incarcerated. The record shows that Lebron's probation was revoked and he was sentenced to twelve years in prison in case number 91-10877 only. Therefore, to the extent that the Department of Corrections' records show that Lebron is also currently incarcerated for the charges in case number 91-10505, those records are incorrect. We note that the trial court ordered the State to issue new commitment papers to ensure that this discrepancy was corrected; however, no such papers appear in our record. On remand, the State must ensure that this has been accomplished.
In addition, this court's review of the record has revealed a patent illegality in Lebron's sentence that requires correction.[1] When Lebron was sentenced on the revocation of probation in case number 91-10877, he was awarded 344 days of jail credit. One month later, the trial court sua sponte "amended" the judgment and sentence and issued a clerk's certificate showing only 96 days of jail credit. However, this court has repeatedly held that a trial court may not rescind jail credit previously awarded even if the initial award was improper. See, e.g., Platt v. State, 827 So.2d 1064 (Fla. 2d DCA 2002); Bailey v. State, 777 So.2d 995 (Fla. 2d DCA 2000); Linton v. State, 702 So.2d 236 (Fla. 2d DCA 1997). Accordingly, we remand this case to the trial court for it to correct the judgment and sentence and the clerk's certificate to reflect the 344 days of jail credit initially awarded.
*166 Affirmed, but remanded for correction of jail credits.
SALCINES and KELLY, JJ., Concur.
NOTES
[1] Lebron raised this issue in the trial court by way of a "motion to clarify award of jail credits." The trial court granted this motion and issued an order stating that the 96 days of jail credit were correct. Lebron did not appeal from this order. If we do not address this error, Lebron could file a renewed motion to correct illegal sentence in the trial court, which would not be deemed successive. See State v. McBride, 848 So.2d 287 (Fla. 2003). However, because Lebron would be entitled to release in January 2004 if his jail credits are corrected, we address this patent illegality in this opinion.