PER CURIAM.
Larry Perkins appeals .an order reducing the amount of credit awarded for time served. On December 12, 2000, the circuit court entered an order finding that Perkins was awarded too much credit for time served when he was resentenced on May 5, 2000. The court reduced the credit from 1,985 days to 1,386 days.
A sentence is not illegal if the court awards excess credit for time served. Syverson v. State, 659 So.2d 1344 (Fla. 5th DCA 1995). While a court may reduce the amount of credit for time served within sixty days after imposition of the sentence, it loses jurisdiction to do so after that time period. See Fla. R.Crim. P. 3.800(c); Syverson, 659 So.2d 1344; Lacey v. State, 831 So.2d 1267 (Fla. 4th DCA 2002).
In this case, Perkins was awarded the excess credit at resentencing on May 5, 2000. The court attempted to correct the amount of credit on December 12, 2000, well beyond the 60-day time limit. The court had no jurisdiction to reduce the amount of credit previously awarded.
Accordingly, we reverse and remand with directions to vacate the December 12, 2000 order and reinstate the credit for time served awarded at the resentencing.
GUNTHER, POLEN and MAY, JJ., concur.