880 So.2d 1260 (2004)
Raymond E. WHEELER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-5212.
District Court of Appeal of Florida, First District.
August 30, 2004.
Appellant, pro se.
Charlie Crist, Attorney General; Sherri T. Rollison, Assistant Attorney General, Tallahassee, for appellee.
*1261 PER CURIAM.
The appellant challenges the trial court's order summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the appellant has stated a facially sufficient claim that the trial court violated his constitutional protection against double jeopardy, we reverse.
In the instant rule 3.800 motion, the appellant alleges the trial court acted outside its jurisdiction and violated his double jeopardy rights by sua sponte rescinding jail credit for Count II that was previously awarded. The trial court summarily denied the appellant's motion.
A trial court may not sua sponte rescind jail credit previously awarded at any time even if the initial award was improper. Lebron v. State, 870 So.2d 165, (Fla. 2d DCA 2004); Linton v. State, 702 So.2d 236 (Fla. 2d DCA 1997). "[T]o increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall `be subject for the same offense to be twice put in jeopardy of life or limb.'" United States v. Benz, 282 U.S. 304, 306, 51 S.Ct. 113, 75 L.Ed. 354 (1931); see Troupe v. Rowe, 283 So.2d 857 (Fla.1973). "[T]he rescinding of previously awarded jail credit is an enhancement of appellant's sentence for which there is no provision in the Florida Rules of Criminal Procedure....[T]he enhancement of a sentence after its initial imposition violates the prohibition against double jeopardy." Linton, 702 So.2d at 236-37. Succinctly stated, the trial court cannot rescind jail credit after imposing it. Thus, the trial court's reduction in previously awarded jail credit illegally enhanced the appellant's sentence and violated his double jeopardy rights.
We therefore reverse the summary denial of the appellant's claim to correct illegal sentence and remand with instructions to the trial court to restore the rescinded credit.
REVERSED AND REMANDED.
WOLF, C.J., BARFIELD and WEBSTER, JJ., concur.