891 So.2d 1067 (2004)
Edward KING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3380.
District Court of Appeal of Florida, Second District.
November 19, 2004.
*1068 PER CURIAM.
Edward King appeals the granting of the State's motion, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which sought to vacate the portion of his sentence which "allowed a total of 334 days as credit for time incarcerated prior to imposition of this sentence."
However, rule 3.800(a) prohibits the filing of such a motion during the pendency of a direct appeal. See Day v. State, 770 So.2d 1262 (Fla. 1st DCA 2000) (holding that effective January 13, 2000, a party may not file a rule 3.800(a) motion during the pendency of a direct appeal).
Because the State filed this motion during the pendency of King's direct appeal of his judgment and sentence, the State's motion was unauthorized. The circuit court could not have treated the State's motion as if filed pursuant to rule 3.800(b) because the State may file a rule 3.800(b) motion "only if the correction of the sentencing error would benefit the defendant or to correct a scrivener's error." See Fla. R.Crim. P. 3.800(b). The State commendably has conceded error. Therefore, the order of the circuit court granting the motion must be reversed. On remand, the circuit court should strike the State's motion as unauthorized and should restore the rescinded credit.
In any future proceedings seeking the vacation of the previously awarded jail credit, the State should consider the impact of this court's opinion in Lebron v. State, 870 So.2d 165 (Fla. 2d DCA 2004) (holding that a trial court may not rescind jail credit previously awarded even if the initial award was improper), and the opinion of the First District Court of Appeal in Wheeler v. State, 880 So.2d 1260 (Fla. 1st DCA 2004) (citing Lebron with approval).
Reversed and remanded.
WHATLEY, SALCINES, and SILBERMAN, JJ., concur.