913 So.2d 758 (2005)
Edward KING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3158.
District Court of Appeal of Florida, Second District.
November 9, 2005.
*759 James Marion Moorman, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Edward King appeals the trial court's order, entered more than a year after he was sentenced, that rescinded previously awarded jail time credit. We reverse.
In early 2003, Mr. King was facing numerous charges in two different cases, after having been released the previous June from serving a ten-month misdemeanor sentence in the Highlands County jail. In the first case, he was sentenced in February 2003 to eighteen months' incarceration with credit for 516 days. In the second case, he was sentenced in March 2003 to twenty-four months' incarceration consecutive to any other active sentence being served with credit for 534 days. In March 2004, the State filed a motion in the first case to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), asking that the court vacate the award of 516 days of jail credit and award him only 267 days. That same day, the State filed a similar motion in the second case, asking that the court vacate the award of 534 days and enter a new order denying Mr. King any credit for time served because he had already been credited for these days on other cases. After hearing, the trial court granted the State's motions and "corrected" the sentence in the first case to reflect that Mr. King was *760 entitled to only 169 days' credit and "corrected" the sentence in the second case to show that he was entitled to no credit. It is from this order "correcting" sentences that Mr. King appeals, claiming a violation of his double jeopardy protection. We agree that such a violation has occurred.
At the time the trial court ruled, it did not have the benefit of this court's opinion in another appeal taken by Mr. King. King v. State, 891 So.2d 1067 (Fla. 2d DCA 2004). There, after Mr. King had filed his notice of appeal, the State filed with the trial court a motion pursuant to rule 3.800(a) to rescind jail time credit that it believed had been erroneously awarded. The trial court granted the State's motion and rescinded the jail time credit. We reversed in King because rule 3.800(a) prohibits the filing of a motion pursuant to that rule during the pendency of a direct appeal. Because the State's rule 3.800(a) motion was unauthorized, the trial court had erred in granting the motion. We directed that on remand the trial court strike the State's motion and restore the rescinded credit. Id. at 1068. We further cautioned:
In any future proceedings seeking the vacation of the previously awarded jail credit, the State should consider the impact of this court's opinion in Lebron v. State, 870 So.2d 165 (Fla. 2d DCA 2004) (holding that a trial court may not rescind jail credit previously awarded even if the initial award was improper), and the opinion of the First District Court of Appeal in Wheeler v. State, 880 So.2d 1260 (Fla. 1st DCA 2004) (citing Lebron with approval).
King, 891 So.2d at 1068.
We assume for purposes of this appeal that the original calculation of jail time credit was erroneous and that Mr. King was not entitled to the amount of credit awarded. Regardless of this, a trial court
has no authority to rescind a defendant's jail credits after the sixty-day period for modifying a sentence provided in Florida Rule of Criminal Procedure 3.800(c), even when the jail credits were improperly awarded. The award of improper jail credits does not make the defendant's sentence illegal and therefore subject to modification at any time.... Moreover, any attempt to rescind jail credits already awarded constitutes an enhancement of the defendant's sentence that violates the prohibition against double jeopardy.
Bailey v. State, 777 So.2d 995, 996 (Fla. 2d DCA 2000); see also Platt v. State, 827 So.2d 1064 (Fla. 2d DCA 2002). The trial court erred in rescinding Mr. King's original award of 516 and 534 days of credit in these two cases, respectively. Therefore, we reverse the court's order and remand with instructions to restore the rescinded credit.
Reversed and remanded with instructions.
STRINGER, and SILBERMAN, JJ., Concur.