916 So.2d 899 (2005)
Scott A. ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4455.
District Court of Appeal of Florida, Fourth District.
November 16, 2005.
Rehearing Denied January 11, 2006.
Scott A. Rogers, Stuart, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Scott A. Rogers (Defendant) appeals from an order of the circuit court prohibiting him from filing any further pro se pleadings, motions or petitions. As the trial court followed the proper procedure pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (providing court must first provide litigants with notice and a reasonable opportunity to respond before prohibiting further pro se attacks on a conviction or sentence as a sanction for prior repeated and frivolous motions), and the attachments to the order demonstrated that Defendant *900 has repeatedly filed different versions of the same claims, we affirm.
In L.T. case no. 00-809, Defendant was charged with burglary of a structure; in L.T. case no. 00-1047, he was charged with (I) burglary of a dwelling while armed and (II) grand theft; and in L.T. case no. 99-1415, he was charged with grand theft  auto. On January 29, 2001, Defendant entered a no contest plea to the two 2000 cases; the written plea agreement provided for the state to nolle prosse the 1999 case and for Defendant to plead to the lesser offense of burglary of a dwelling in count I of the second case and to the other counts as charged. There was no agreement as to sentencing, but the state agreed to consider Defendant's cooperation in making its recommendation. Other provisions included Defendant's agreement to pay $2676 in special public defender fees.
At the sentencing hearing on May 7, 2001, appointed defense counsel, John Bruhn (Bruhn), made no objection to a scoresheet that indicated Defendant's bottom-of-the-guidelines sentence would be sixty months. Counsel asked for a downward departure, such as a sixty-month sentence suspended for Defendant to get drug treatment, based on Defendant's cooperation with law enforcement and the state attorney's office. The prosecutor recommended ten years in prison. The trial court orally sentenced Defendant to five years for the first case, with credit for 407 days time served; to a consecutive term of five years for count I of the second case, with credit for 407 days time served; and to a consecutive term of three years for count II of the second case, again with credit for 407 days time served.
In the first case, the trial court orally pronounced a public defender fee of $892, plus the $40 application fee for a total of $932. The judge indicated there would be public defender fees in the second case too. Final judgments assessing fees and costs totaling $932 ($892 in attorney's fees and the $40 application fee) were entered in each of the three cases, including the one that was nolle prossed. (The $2676 agreed upon equals $892 times three.)
The written sentence for L.T. case no. 00-809 included credit for 407 days time served; however, contrary to the oral pronouncement, the written sentence for L.T. case no. 00-1047 provided "none" for the number of days credit for time served for each count. There was no direct appeal.
Thereafter, Defendant filed a multitude of unsuccessful motions seeking resentencing and asserting ineffective assistance of his defense counsel.
His first motion for post-conviction relief contended that his defense counsel had a conflict of interest; it also contended he was ineffective in telling the court that the scoresheet that provided a lowest permissible sentence of sixty months in prison was correct, as it included the nolle prossed count and the armed element of the burglary.
In an order dated November 21, 2001, the trial court considered and denied on the merits the conflict-of-interest claim, but characterized the other claim as one of scoresheet error and deferred it to consideration of Defendant's then-pending rule 3.800(a) motion, which the trial court indicated raised the same issue. Defendant moved for rehearing, which was also denied, but apparently he did not appeal this denial.
The trial court denied the claim of scoresheet error in an order dated December 21, 2001, noting that the scoresheet which apparently was utilized at sentencing (because, unlike the one attached to Defendant's motion, it contained the judge's signature) reflected that someone crossed out *901 74 and wrote in 56, the correct number of points, for the primary offense of burglary of a dwelling, that a grand theft charge was nolle prossed by the state, and that the minimum sentence was just under four years. Defendant obtained a belated appeal from this order and it was affirmed, as the scoresheet appeared to be correct. (Any claim that counsel was ineffective in leading the court to believe that the lowest permissible sentence was five years instead of under four years could not be brought in a rule 3.800(a) motion, but would have had to be pursued in a timely rule 3.850 motion. As noted, Defendant apparently did include such a ground in his first post-conviction motion, but he failed to appeal the trial court's rejection of the ineffectiveness claim, collaterally estopping him from making any later assertion of the same claim. See State v. McBride, 848 So.2d 287, 290-91 (Fla.2003).)
On December 31, 2001, apparently not knowing that his rule 3.800(a) motion had been denied, Defendant filed a supplement to it, in which he claimed to have over 400 days in county jail as to both count I and count II of L.T. case no. 00-1047, of which he contended counsel had failed to inform the court. In an order dated February 2, 2002, the trial court denied this motion, explaining that the jail credit was properly applied only to L.T. case no. 00-809. Defendant has since obtained a belated appeal of that order, which this court affirmed, as he was not "entitled" to receive the same credit on more than one consecutive sentence. Daniels v. State, 491 So.2d 543, 545 (Fla.1986); Amos v. State, 800 So.2d 712, 713 (Fla. 2d DCA 2001). Had he filed a direct appeal from his sentence or a timely rule 3.850 motion claiming that the written sentence did not comport with the oral pronouncement, he would have been entitled to relief. E.g., Linton v. State, 702 So.2d 236, 237 (Fla. 2d DCA 1997) (reversing the post-conviction motion and holding the trial court did not have the authority to rescind the defendant's jail time credit three months after imposition of his sentence, even if defendant was not entitled to such credit).
However, Defendant's initial claim was not couched in terms of a discrepancy between the oral pronouncement and written sentence, and in any event this court, unlike the other four district courts of appeal, takes the position that such a claim is not cognizable in a rule 3.800(a) motion. E.g., Rinderer v. State, 857 So.2d 955 (Fla. 4th DCA 2003) (reversing the order denying a rule 3.800(a) motion claiming the trial court did not orally pronounce the mandatory minimum term appearing in the written sentence for further consideration as if filed pursuant to rule 3.850, where the motion was sworn and would have been timely if filed pursuant to rule 3.850); Campbell v. State, 718 So.2d 886 (Fla. 4th DCA 1998). But see Wheeler v. State, 880 So.2d 1260 (Fla. 1st DCA 2004) (reversing the summary denial of a rule 3.800(a) motion alleging the trial court violated the defendant's double jeopardy rights by sua sponte rescinding jail credit previously awarded, even if initial award was improper); Lebron v. State, 870 So.2d 165 (Fla. 2d DCA 2004) (denying a rule 3.800(a) motion raising other issues, but remanding to the trial court to correct the sentence to reflect the number of days of jail credit initially awarded, where the trial court amended the judgment and sentence a month after the sentencing to show only 96 days of jail credit, though defendant was awarded 344 days at sentencing).
Defendant attempted to raise the scoresheet problem in another post-conviction motion he filed on September 30, 2002, claiming inter alia that his attorney was ineffective in misadvising him what sentence he would receive, because counsel advised the trial court that the scoresheet *902 that showed a lowest permissible sentence of sixty months was correct, but the scoresheet used at sentencing showed a lowest permissible sentence of 46.8 months. In an order dated March 24 and entered March 31, 2003, the trial court denied the motion as successive to his rule 3.800(a) motion claiming scoresheet error, and ruled that any claims of ineffective assistance of counsel were successive to Defendant's prior rule 3.850 motion, denied on the merits on November 21, 2001. Defendant appealed and this court affirmed; his motion did not furnish any reason why the claim was not successive to the prior motions.
On July 3, 2003, Defendant filed a sworn pro se rule 3.800(a) motion to correct illegal sentence, the impetus for the instant appeal, in which he: (1) raised again the issue of the 407 days jail time credit for each count of L.T. case no. 00-1047, this time finally asserting that the written sentence was illegal because it did not conform to the oral pronouncement; (2) complained the written sentence and plea agreement had been altered to show three times the amount of public defender's fees orally pronounced at the hearing; and (3) the transcript showed that the bottom of Defendant's guidelines was 60 months in prison, but the scoresheet was altered to reflect 46.8 months; the range should have been 43.2 months to twenty-five years, because a legal status violation did not apply, and he noted that the judge was misled and showed an intention to impose a bottom of the guidelines sentence for two of the three offenses. The specific relief he requested was to enter an order for time served and to remove all special public defender fees.
The trial court summarily denied Defendant's rule 3.800(a) motion in an order entered September 26, 2003, which is not before this court because it was not the subject of the instant appeal and does not appear to have been timely appealed.[1] The trial court denied the claims of scoresheet error and incorrect jail time credit as successive to the denials on the merits entered on December 21, 2001 and February 5, 2002, with the scoresheet error claim again denied on procedural grounds on March 24, 2003, and April 22, 2003. The court also found that Defendant's claim that he was improperly charged special public defender's fees exceeding $932 was without merit, as he was charged the amount to which he had agreed in the written plea agreement.
In an order to show cause dated and entered September 25, 2003, the trial court listed a number of orders it had already entered denying Defendant's various and numerous claims of ineffective assistance of counsel, scoresheet error, and incorrect jail time credit, and ordered Defendant to show why he should not be prohibited from filing any future pro se pleadings, motions, and petitions attacking his judgment and sentence in the three cases in question. Defendant's reply merely repeated his prior claims that specifics of the written sentencing documents did not conform to the oral pronouncements made in the course of the sentencing hearing.
*903 We hold that the trial court did not err in finding that Defendant's reply provided no reason not to prohibit the filing of future pro se pleadings, motions and petitions based on Defendant's abusing his right to access to the courts by filing repetitive and procedurally barred pleadings which diminished the ability of the court to devote finite resources to other legitimate claims.
Affirmed.
SHAHOOD and TAYLOR, JJ., concur.
FARMER, J., concurs in result only.
NOTES
[1] Defendant moved for rehearing, but until rule 3.800(a) was amended effective January 1, 2005, a motion for rehearing did not defer rendition of an order denying a rule 3.800(a) motion. E.g., King v. State, 754 So.2d 85 (Fla. 4th DCA 2000). Thus, an appeal from this order had to be filed by Monday, October 27, 2003. The notice of appeal in this case was not filed until November 6, 2003, apparently having been mailed on November 3. (The certificate of service accompanying the appeal documents was undated, but Defendant included a notary certificate dated November 3.) The notice did not purport to appeal the September 26 order, in any event.