PER CURIAM.
 

 On December 19, 2003, appellant, Marvin Douze, was sentenced in case number 03-2178CF to seven years in prison with credit for 277 days time served. The sentence was to run concurrently with four other sentences imposed in case numbers 02-6753CF, 02-3374CF, 03-11286CF, and 02-1335CF. The sentences imposed in all the cases except 02-3374CF were entered upon negotiated nolo contendere pleas.
 

 When appellant arrived at prison, he was given a prison interview sheet that indicated ninety-four days for jail credit. His maximum release date was calculated to be March 15, 2010. On April 7, 2006, appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging that he received only ninety-four days of jail credit when he was entitled to 573 days for the time he spent in the Broward County Jail prior to sentencing. In its order denying the motion, the trial court stated that appellant previously presented the same argument in a motion for clarification of sentence. In the order on the motion to clarify, the trial court calculated the amount of credit for time served in each of appellant’s cases. They were: 02-3374CF — 574 days; 02-1335CF — 572 days; 02-6753CF — 218 days; 03-11286— ninety-six days; and 03-2178CF — 163 days. Appellant appealed from the denial of his 3.800(a) motion and this court affirmed per curiam.
 
 Douze v. State,
 
 956 So.2d 1197 (Fla. 4th DCA 2007). Based upon the number of days calculated in the order, the Department of Corrections recalculated appellant’s maximum release date to July 7, 2010, which is 114 days later than the previously calculated maximum release date.
 

 On March 31, 2009, appellant filed his second 3.800(a) motion to correct illegal sentence. He asserted that when he was initially sentenced, he was given 277 days
 
 *61
 
 credit for time served in case number 03-2178CF. When the trial court clarified the sentences, it reduced the number of days by 114 to 163 days credit for time served and, according to appellant, this was an illegal sentence. The trial court denied appellant’s motion referring to its previous order, which it stated addressed the same issue of credit for time served and which this court affirmed on appeal. Appellant then filed this appeal.
 

 Initially, we address the trial court’s finding that it previously addressed the same issue of credit for time served, which this court affirmed. The “law of the case applies only to proceedings within the same case” and “bars consideration only of those legal issues that were actually considered and decided in a former appeal.”
 
 Fla. Dep’t of Transp. v. Juliano,
 
 801 So.2d 101, 107 (Fla.2001). In appellant’s first 3.800(a) motion, he addressed the issue of whether he was entitled to more than ninety-four days credit, which the DOC determined at his prison interview.
 
 [1]
 
 He now argues that the trial court erred in reducing his credit for time served only in case number 03-2178GF. This was not the same issue considered in the prior appeal.
 

 Florida Rule of Criminal Procedure 3.800(a) allows a court at any time to “correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served.” Citing
 
 King v. State,
 
 913 So.2d 758 (Fla. 2d DCA 2005), appellant argues that the trial court violated the prohibition against double jeopardy when it reduced his credit for time served.
 

 In
 
 King,
 
 the defendant’s credits for time served in two separate cases were reduced upon the state’s rule 3.800(a) motion to correct sentence, filed one year after he was sentenced. The defendant appealed, arguing that the reduction of the credits for time served was a violation of his double jeopardy protection. For purposes of the appeal, the Second District assumed that the original jail time credit was erroneous and the defendant was not entitled to the amount he was awarded. The court held that a trial court
 

 has no authority to rescind a defendant’s jail credits after the sixty-day period for modifying a sentence provided in Florida Rule of Criminal Procedure 3.800(c), even when the jail credits were improperly awarded. The award of improper jail credits does not make the defendant’s sentence illegal and therefore subject to modification at any time.... Moreover, any attempt to rescind jail credits already awarded constitutes an enhancement of the defendant’s sentence that violates the prohibition against double jeopardy.
 

 Id.
 
 at 760 (quoting
 
 Bailey v. State,
 
 777 So.2d 995, 996 (Fla. 2d DCA 2000)); see
 
 also Stang v. State,
 
 24 So.3d 566 (Fla. 2d DCA 2009);
 
 Wheeler v. State,
 
 880 So.2d 1260 (Fla. 1st DCA 2004);
 
 Lebron v. State,
 
 870 So.2d 165 (Fla. 2d DCA 2004);
 
 Platt v. State,
 
 827 So.2d 1064 (Fla. 2d DCA 2002).
 
 [2]
 

 
 *62
 
 We, therefore, reverse and remand for correction of appellant’s credit for time served in case number 03-2178CF from 163 days back to 277 days.
 

 Reversed, and Remanded.
 

 HAZOURI, DAMOORGIAN and CIKLIN, JJ., concur.
 

 [1]
 

 . Appellant's reliance on the DOC's statement of ninety-four days jail credit is mistaken because the actual maximum release date was based upon the actual credits given for time served at the time of sentencing. Because the original credit of 277 days was reduced by 114 days and appellant's maximum release date was extended by 114 days, the DOC did base its calculations on the credits given by the trial court at sentencing. The sentence in case number 03-2178CF
 
 ended
 
 up being the longest sentence of the five sentences, which was then made longer by the change in days credited. This is the basis of appellant's appeal herein.
 

 [2]
 

 . In
 
 Gallinat v. State,
 
 941 So.2d 1237 (Fla. 5th DCA 2006), the Fifth District held that a later correction to the time served calculation, even after sixty days, does not increase
 
 *62
 
 a defendant's sentence for double jeopardy purposes, which conflicts with the First and Second Districts' decisions. However, in
 
 Gallinat,
 
 the Fifth District recognized two exceptions to its rule. Appellant's circumstances fall into the exception
 

 in which the state and a defendant negotiate an overall sentence structure that includes a stipulated amount of time served. In these cases, the number of days credit to be given are part of the bargained-for sentence. If the trial court exercises its discretion to accept the plea and impose the agreed sentence, the court should not be allowed to later lower the agreed upon jail credit figure.
 

 Id.
 
 at 1240. Appellant entered a negotiated plea in case number 03-2178CF.