PER CURIAM.
Appellant appeals the trial court’s order dismissing his petition for writ of habeas corpus on the ground that the petition was *502 an improper method by which to challenge his sentence. We affirm. "
After remand by the Third District Court of Appeal for resentencing in casé number F97-12743, the circuit court in Miami-Dade County sentenced Appellant to 11.93 years in prison, and awarded him 6,109 days of jail credit. Appellee, the Department of Corrections, later sought “clarification” from the court regarding Appellant’s sentence, and the court “amended” the sentence to reflect just 1,442 days of jail credit. Appellant remains incarcerated pursuant to that amended, sentence, which he is currently serving in Santa Rosa County.
In his petition to the circuit court for Santa Rosa County, Appellant asserted he was'entitled to immediate release because the credit for time served in the original resentencing order was greater than the term of imprisonment imposed. Appellant argued that the trial court could not re scind the original 6,109 days of jail credit originally awarded, even if that award was made in error, citing Wheeler v. State, 880 So.2d 1260, 1261 (Fla. 1st DCA 2004) (holding thát that a “trial court may not sua sponte rescind jail credit previously awarded at any time even if the initial award was improper”).
Although Appellant insists his petition did not challenge the legality of his sentence, his-argument that the court lacked the legal ability to rescind the originally-awarded jail time credit did precisely that. As the trial court correctly found, Appellant’s remedy was to file a postconviction motion to correct illegal sentence, not a petition for writ of habeas corpus. See Baker v. State, 878 So.2d 1236, 1241 (Fla.2004) (holding “ ‘the remedy of habeas corpus is not available as a substitute for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure’ ”) (quoting Leichtman v. Singletary, 674 So.2d 889, 891 (Fla. 4th DCA 1996)).
Furthermore, the trial court lacked jurisdiction to correct the sentence, because the sentence was imposed' by a court in another circuit. See McLevy v. State, 787 So.2d 194 (Fla. 1st DCA 2001) (holding “the circuit court for Jackson County has no jurisdiction to review the legality of a Clay County conviction; and a habeas petition may not be used to make a collateral attack upon the conviction”).'
Based on the foregoing, therefore, we AFFIRM the trial .court’s order dismissing the petition without prejudice, to Appellant to seek relief via a postconviction motion in the appropriate forum.
AFFIRMED.
LEWIS, THOMAS, and ROWE, JJ., Concur. • . ■