NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOYCE RAY,                              )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D16-2056
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed March 15, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Frank Quesada, Judge.

Joyce Ray, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Chelsea S. Alper,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

        Joyce Ray appeals the order on her motion for jail credit filed under

Florida Rule of Criminal Procedure 3.801.  We affirm in part and reverse in part.

        In case number CRC10-25468CFANO, the trial court sentenced Ray to

three years' imprisonment to be served consecutively to her concurrent five-year terms

of imprisonment in two other cases.[1]  All of the sentences were imposed in 2014.  In 2016, Ray filed postconviction motions in all three cases; she sought additional jail credit in case number CRC10-25468CFANO.  In its order on Ray's motions, the postconviction court stated that it had discovered that her sentence in case number CRC10-25468CFANO erroneously included an award of jail credit, and it sua sponte rescinded that jail credit.  This was error.  The postconviction court had no authority to rescind jail credit on its own motion after the credit was awarded; doing so violated Ray's double jeopardy rights.

> [A] trial court has no authority to rescind a defendant's jail credits after the sixty-day period for modifying a sentence provided in Florida Rule of Criminal Procedure 3.800(c), even when the jail credits were improperly awarded.  The award of improper jail credits does not make the defendant's sentence illegal and therefore subject to modification at any time.  Moreover, any attempt to rescind jail credits already awarded constitutes an enhancement of the defendant's sentence that violates the prohibition against double jeopardy.

Bailey v. State, 777 So. 2d 995, 996 (Fla. 2d DCA 2000) (citing Linton v. State, 702 So. 2d 236, 237 (Fla. 2d DCA 1997)); see also Lebron v. State, 870 So. 2d 165, 165 (Fla. 2d DCA 2004) (holding that the trial court did not have authority to sua sponte amend Lebron's sentence to decrease the award of jail credit); Washington v. State, 199 So. 3d 1110, 1112 (Fla. 1st DCA 2016) (reversing Washington's sentences that were sua sponte amended by the trial court to decrease the award of jail credit; "[W]e prohibit the rescission of jail credit, even when it was awarded in error.").

---

[1]Ray also filed postconviction motions in those cases; the postconviction court disposed of all of the motions in the order here appealed.  However, Ray's issue on appeal concerns only case number CRC10-25468CFANO.

Accordingly, we reverse the postconviction court's order rescinding jail credit in case number CRC10-25468CFANO and remand for correction of the sentence to include the rescinded jail credit; we affirm the order in all other respects. Because the record before this court indicates that Ray completed her consecutive sentences last year, we order that she be discharged immediately.

Affirmed in part, reversed in part, and remanded with directions.

KELLY, WALLACE, and CRENSHAW, JJ., Concur.