DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH E. BLAIR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-3214

[March 2, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 562006CF005141AXXXXX.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

After a violation of probation hearing, the trial court determined that appellant willfully and substantially violated his probation and sentenced appellant to 60 months in prison, giving credit for previous time served. The Department of Corrections ("DOC") later discovered a mistake in the computation of the prior time served in the written sentencing order. Appellant now argues that the trial court erred by correcting the order that incorrectly gave him double credit.

Appellant requests that this court reinstate the credit of time originally given, arguing that the state was without jurisdiction to file the motion to correct the erroneous double credit of prior time served, and further, that the trial court's subsequent correction violated double jeopardy. We disagree. We find that the trial court did not err, and as such, we affirm.

In 2007, appellant was charged with second-degree grand theft and sentenced to twelve years' probation. Soon after, appellant violated his probation. His probation was then reinstated on the condition that he

serve three years in prison. At the time of this violation of probation sentencing, appellant had 300 days of credit for time served prior to the sentence.

In 2019, appellant's probation officer filed an affidavit alleging a new violation of probation. Appellant was arrested and released in the same day. Appellant denied the violation of probation allegations and a hearing was held. The trial court found that appellant had willfully and substantially violated his probation.

During the sentencing hearing, the state requested that appellant be given a prison sentence. A discussion ensued regarding appellant's various accumulated jail credit. The trial court asked, "[I]f I sentence him to prison, he has got time served of 3 years already?" The state responded affirmatively, adding the time appellant had served in county jail initially. The state cautioned that the trial court needed to be "somewhat artful" in pronouncing the sentence in light of time served. The state suggested that, to avoid issues with double credit, the trial court pronounce appellant's sentence, announce his credit for time served in county jail, and leave it for the DOC to calculate his DOC credit for time served.

The trial court then pronounced appellant's sentence as follows:

> Sentence you to 60 months Department of Corrections. Give you credit for time served of 300 days, county jail, 300 days and all—and give you credit for all DOC, uh, prior credit which they'll calculate.

The trial court entered a written sentencing order in July 2020, granting appellant "300 DAYS time served between date of arrest as a violator following release from prison to the date of resentencing."

In January 2021, the DOC contacted the trial court regarding appellant's sentence. Following the written sentencing order, the DOC had applied "300 days VOP jail credit, 300 original days jail credit and 631 days prison credit." However, the DOC believed that appellant was entitled to only two days of jail credit on this violation of probation, not 300 days. Thus, the DOC believed that appellant's original jail credit had been erroneously duplicated.

The trial court executed an amended resentencing based on this letter and removed the duplicated 300 days of violation of probation credit and gave him two days of credit instead. This order was entered in February 2021.

In September 2021, appellant filed a motion to correct illegal sentence, requesting that the trial court reinstate the 300-day jail time credit originally ordered. The trial court granted appellant's motion and rescinded the order reflecting the DOC correction.

The state filed a motion to correct the amended judgment and sentence. At the hearing, the trial court now agreed that appellant's original jail credit had been mistakenly doubled. Appellant's counsel argued that the amended judgment reflected the trial court's original oral pronouncement, but admitted that the extra 300 days "may somehow on paper result in, I guess, a somehow a doubling of time." The trial court then entered an order clarifying appellant's sentence and rescinding the double credit. This appeal follows.

We review de novo whether a court has subject matter jurisdiction. *Sanchez v. Fernandez*, 915 So. 2d 192, 192 (Fla. 4th DCA 2005). Further, we review de novo all allegations of double jeopardy and illegal sentencing. *Raja v. State*, 317 So. 3d 139, 145 (Fla. 4th DCA 2021).

Appellant argues that the trial court lacked jurisdiction to correct his sentence since it took place more than one year after he was originally sentenced and thus exceeded the "60 day" maximum to file a motion to modify under 3.800(c).

Florida Rule of Criminal Procedure 3.800 provides three vehicles to correct, reduce, or modify a sentence. Rule 3.800(a) provides that "[a] court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . ." Rule 3.800(b) provides that "[a] motion to correct any sentencing error, including an illegal sentence or incorrect jail credit, may be filed as allowed by this subdivision. . . . Motions may be filed by the state under this subdivision only if the correction of this sentencing error would benefit the defendant or to correct a scrivener's error." Rule 3.800(c) is not relevant to this appeal, since the DOC's letter was sent to the trial court more than 60 days after appellant was sentenced at his violation of probation sentencing hearing.

We find that the trial court did not err in correcting the double counting of prior jail time. The state's motion to correct appellant's jail credit was clearly a motion to correct a scrivener's error pursuant to rule 3.800(b). Scrivener's errors are "clerical or ministerial errors in a criminal case that occur in the written sentence, judgment, or order of probation or

restitution." *Ashley v. State*, 850 So. 2d 1265, 1268 n.3 (Fla. 2003) (citation and emphasis omitted); *Migdal v. State*, 970 So. 2d 445, 448-49 (Fla. 4th DCA 2007) (holding discrepancies between written sentences and oral pronouncement to be scrivener's errors). Significantly, miscalculation of jail credit can be a clerical error. *Ashley*, 850 So. 2d at 1268.

The trial court stated regarding jail credit: "Give you credit for time served of 300 days, county jail, 300 days and all—and give you credit for all DOC, uh, prior credit which they'll calculate." The written sentencing order, however, granted appellant 300 days of time served for this violation of probation. Later the DOC informed the trial court that appellant was not entitled to 300 days of credit for the violation of probation in this case. Appellant was entitled to only 300 days of jail credit emanating from the original violation of probation case—not the present case.

In this case, in the written sentence the trial court, by mistake and contrary to the oral pronouncement, granted 300 days of jail credit for the time appellant served in the violation of probation arrest. Appellant was not entitled to 300 days since he was booked and release in this case on the very same day. *See Marshall v. State*, 78 So. 3d 72, 73 (Fla. 4th DCA 2012) (finding a discrepancy in the oral pronouncement and written sentence where the oral pronouncement granted eight months' probation and the written sentence reflected eight years); *see also Morris v. State*, 292 So. 3d 838, 839 (Fla. 1st DCA 2020) (finding an oral pronouncement of jail credit on concurrent sentences inconsistent with a written sentence providing jail credit on only one count). Thus, the award of 300 days of jail credit was a scrivener's error and the trial court did not err in granting the motion under rule 3.800(b).[1]

Finally, appellant argues that the trial court's correcting the order to rescind the double counting of jail time violated double jeopardy. We disagree.

Of course, "[o]nce a sentence has been imposed and the person begins to serve the sentence, that sentence may not be increased without running afoul of double jeopardy principles." *Ashley*, 850 So. 2d at 1267. However, "[d]ouble jeopardy does not guarantee a defendant the benefit of a judge's good-faith mathematical or clerical errors." *Cheshire v. State*, 568 So. 2d 908, 913 (Fla. 1990). As Justice Black observed many years ago: "The Constitution does not require that sentencing should be a game in which

---

[1] The state could have also brought this motion under rule 3.800(a) as an illegal sentence since the written sentence conflicted with the oral pronouncement. *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007).

a wrong move by the judge means immunity for the prisoner." *Bozza v. United States*, 330 U.S. 160, 166-67 (1947).

The Double Jeopardy clause serves, in part, to protect a defendant's "'legitimate expectations' as to the length of his sentence." *Goene v. State*, 577 So. 2d 1306, 1308 (Fla. 1991). "[C]orrecting an erroneous jail credit calculation in no way increases the sentence imposed." *Gallinat v. State*, 941 So. 2d 1237, 1239 (Fla. 5th DCA 2006). In the case, appellant could not have legitimately expected to receive 300 extra days of jail credit for time he did not serve. "[T]he defendant's only legitimate expectation is that he or she will serve the full sentence, and no more." *Id.* at 1242. In the present case, like *Gallinat*, "if the defendant had only served two days in jail prior to sentencing, correcting the time served to properly reflect that historical fact will not result in imprisonment for more than [the sentence length], and does not 'increase the sentence.'" *Id.* at 1241; *see also Spear v. State*, 294 So. 3d 995, 1001-03 (Fla. 5th DCA 2020), *review granted*, SC20-676, 2020 WL 3866920 (Fla. July 9, 2020) (upholding the *Gallinat* decision and certifying the issue of a trial court's jurisdiction to sua sponte correct overreported jail time); *but see Barbesco v. State*, 264 So. 3d 338, 340 (Fla. 1st DCA 2019) ("It is well established that a court may not rescind jail credit, even if it has been awarded in error."); *King v. State*, 913 So. 2d 758, 760 (Fla. 2d DCA 2005) ("[A] trial court has no authority to rescind a defendant's jail credits . . . even when the jail credits were improperly awarded.") (citation and internal quotation marks omitted).

The *Gallinat* case noted only two circumstances where changing jail credits could run afoul of double jeopardy principles: (1) when the defendant negotiates an overall sentence which includes the parties agreeing to the amount of credit time served, and (2) where the trial court exercises its discretion in awarding jail credit, such as time incarcerated out of state. 941 So. 2d at 1240. Our court in *Douze v. State*, 25 So. 3d 59 (Fla. 4th DCA 2009), found that rescinding jail credit was illegal, based on the facts in that case. However, *Douze* was a negotiated settlement case and clearly fell into one of two enumerated exceptions listed in *Gallinat*. *Douze* specifically noted that "[a]ppellant's circumstances fall into the exception." *Id.* at 61, n.2. Further, and significantly, the present case is not a plea case but rather was a contested violation of probation hearing.

Awarding appellant additional jail credit, that he did not serve or earn, would thwart "society's interest in extracting a full and just punishment for crime." *Gallinat*, 942 So. 2d at 1242. Further, awarding undeserved or unearned jail credits, due to mistake or error, undermines society's overall confidence in the criminal justice system.

5

We conclude that the trial court did not err, had jurisdiction to correct the scrivener's error, and did not violate double jeopardy. We affirm and remand with instructions to correct a scrivener's error on the clarification order, as it omitted the two days of credit that appellant did earn.

Finally, as was done in *Spear*, we certify conflict with the First District's decisions in *Barbesco v. State*, 264 So. 3d 338 (Fla. 1st DCA 2019); *Cummings v. State*, 279 So. 3d 818 (Fla. 1st DCA 2019); *Washington v. State*, 199 So. 3d 1110 (Fla. 1st DCA 2016); and *Wheeler v. State*, 880 So. 2d 1260 (Fla. 1st DCA 2004), and with the Second District's decisions in *King v. State*, 913 So. 2d 758 (Fla. 2d DCA 2005); *Lebron v. State*, 870 So. 2d 165 (Fla. 2d DCA 2004); *Platt v. State*, 827 So. 2d 1064 (Fla. 2d DCA 2002); *Keene v. State*, 826 So. 2d 327 (Fla. 2d DCA 2002); *Linton v. State*, 702 So. 2d 236 (Fla. 2d DCA 1997); and *Gilmore v. State*, 523 So. 2d 1244 (Fla. 2d DCA 1988).

*Affirmed and remanded with instructions; conflict certified.*

WARNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***