MICKLE, Judge.
Bowers challenges his sentence imposed after revocation of community control and the subsequent order entered upon his motion for time served. Bowers contends, and the state agrees, that the award of 75 days credit for time served prior to his resentenc-ing upon violation of community control is deficient. We reverse and remand for correction of the sentence to credit Bowers for actual time served on his original sentence (the record reflects Bowers served from June 26, 1990, until his release on April 5, 1991) plus 55 days previously credited for time served prior to imposition of the original sentence. The trial court is not required to *1109 award credit for accrued gain time since the original offenses were committed after October 1, 1989, the effective date of subsection 948.06(6), Florida Statutes (1989). Bradley v. State, 631 So.2d 1096 (Fla.1994); Jones v. State, 633 So.2d 482 (Fla. 1st DCA 1994).
REVERSED and REMANDED.
BOOTH and WOLF, JJ., concur.