663 So.2d 681 (1995)
Bernard TOMIUK, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2344.
District Court of Appeal of Florida, Fifth District.
December 1, 1995.
Bernard Tomiuk, Orlando, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
The defendant appeals the summary denial of his 3.800 motion to correct an illegal sentence, alleging that his sentence was illegal because he did not receive credit for the time he served in the county jail. We agree that the sentence was illegal and, therefore, reverse.
On June 8, 1993, the defendant was sentenced to a term of three years in prison followed by two years of community control for grand theft. The sentencing court awarded defendant 262 days of credit for the time he spent in the county jail awaiting trial and sentencing.
After being released from prison, the defendant violated his community control. As a result of this violation, on March 11, 1994, the defendant's community control was revoked, and the defendant was sentenced to five years in prison. The sentencing order included a provision that the defendant must receive a credit for "prev. DOC time and 25 days," but the order did not provide credit for the original 262 days which the defendant had served in the county jail.
The defendant thereafter filed a 3.800 motion seeking credit for the 262 days. The motion was summarily denied by the trial court. Attached to the order were copies of documents relevant to sentencing, but none of these documents support the trial court's ruling denying the defendant's request for jail time credit.
Section 921.161(1), Florida Statutes (1993), provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time spent in the county jail before sentencing.
This language establishes that jail time credit is not forfeited when a defendant is resentenced as a result of a violation of probation or community control and, therefore, the defendant is entitled to receive credit for the 262 days he served prior to the imposition of the original sentence. See Bowers v. State, 645 So.2d 1108 (Fla.1st DCA 1994).
REVERSED and REMANDED to the trial court with instructions to award the defendant credit for 262 days time served.
HARRIS and GRIFFIN, JJ., concur.