711 So.2d 1369 (1998)
Mark WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0123.
District Court of Appeal of Florida, Fourth District.
June 17, 1998.
*1370 Mark Williams, Fort Lauderdale, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Mark Williams appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking jail time credit for ten months spent in the Palm Beach County Sheriff's Office drug farm. We previously reversed a summary denial, without record attachments, of the same motion. See Williams v. State, 699 So.2d 845 (Fla. 4th DCA 1997). On receiving this court's mandate, the trial court requested a response from the state and, incorporating the response and record attachments, it again denied the motion. Once again, we reverse.
In its response below, the state asserted that Appellant had waived credit for time spent in the drug farm, pointing to the third negotiated plea agreement Appellant executed in this case in June 1996, which provided for a sentence of 35 months in prison and 115 days of credit. The top of the agreement indicated the form reflected all terms of the negotiated plea. The state argued that Appellant was not entitled to additional credit because he had specifically agreed to 115 days.
On appeal, this court issued an order to show cause and asked the state to address Silverstein v. State, 654 So.2d 1040, 1041 (Fla. 4th DCA 1995), in which this court held that a waiver of jail time credit must be clearly shown on the record and must be specific and voluntary. This time the state pointed to a prior negotiated plea agreement, executed in December 1992, in which Appellant was first placed on ten years habitual offender probation in connection with the instant offenses. That plea agreement required Appellant, as a special condition of his probation, to spend one year in the Palm Beach County jail, but also provided that he could serve that sentence at the drug farm. It also included the following typed wording: "ALL CREDIT FOR TIME SERVED IS EXPRESSLY HEREBY WAIVED BY THE DEFENDANT, UNLESS OTHERWISE SPECIFIED WITHIN"; and the following handwritten wording: "defendant waives all jail credit."
Section 921.161(1), Florida Statutes (1995), provides a credit for the time a defendant spends in county jail "before sentence." Obviously, the time Appellant was to spend in the drug farm after being placed on probation in December 1992 was not time to which he could have been entitled to credit at the time he was placed on probation, and thus his specific waiver made at that time could not have had the effect of specifically and voluntarily waiving any credit to which he thereafter may have become entitled.
Therefore, the order denying relief is again reversed and remanded for an evidentiary hearing or the attachment of further portions of the record conclusively showing that Appellant is entitled to no relief. Once again, we note that this court makes no determination as to whether a prisoner is entitled to jail time credit for time served in the drug farm. See Robinson v. State, 689 So.2d 1147, 1149 n. 1 (Fla. 4th DCA 1997); Whitehead v. State, 677 So.2d 40 (Fla. 4th DCA 1996).
GUNTHER, STEVENSON and SHAHOOD, JJ., concur.