PER CURIAM.
Appellant has filed a timely and verified motion for post-conviction relief which claims entitlement to 30 days of jail time credit. No state response was filed to the motion in the trial court, and the trial court summarily denied the motion without record attachment or evidentiary hearing.
The state has argued that the motion was properly denied by the trial court because it failed to state whether previous post-conviction motions had been filed, but the motion actually does include a statement that no other such motions have been filed in the past. The state also argues that rule 3.850 is not the proper vehicle for a claim of jail time credit, but the case law and rule lead us to conclude otherwise. See, e.g., Williams v. State, 711 So.2d 1369 (Fla. 4th DCA1998).
The trial court order denying post conviction relief is reversed and remanded for evi-dentiary hearing or attachment of portions of the record demonstrating that appellant is not entitled to post conviction relief.
Reversed and remanded.
POLEN, STEVENSON and SHAHOOD, JJ., concur.