FARMER, J.
Defendant argues on appeal from a denial of his motion under rule 3.800(a)[1] that his sentence is illegal because the trial judge failed to give him appropriate credit at the sentencing on his violation of probation for all jail time served. We disagree and affirm the trial court.
Defendant agreed to a negotiated plea for aggravated battery. The trial judge sentenced him in accordance with the plea agreement to one year in the county jail without a credit for time served, to be followed by 10 years of probation. At the bottom of the sentencing form the trial judge wrote: “All credit for time served is waived by the defendant. The jail sentence begins today.” After defendant later violated the ensuing probation, which he admitted, he argued that the waiver of jail credit applied only to the original sentence but did not apply to the later sentence for violation of probation.
We agree with the trial judge that a waiver is a waiver. At least, that is so where the waiver is not expressly qualified as less than a complete relinquishment of that which has been waived. As with any contract, a party cannot manifest unequivocal assent to an agreement, yet maintain a silent reservation that is inconsistent with that assent. If defendant desired to have, his waiver of “all” jail credit for the underlying sentence be inapplicable to any later sentence for violation of probation, it was incumbent on him to state that reservation at the original sentencing. The state could then have indicated whether it would agree to the reservation, and the trial judge could have decided whether to approve the reservation as part of the overall plea agreement.
The record in this case shows no such statement of reservation, and so the trial court properly concluded that defendant had failed to show that his sentence after violating probation is illegal and denied relief.
WARNER and POLEN, JJ., concur.

. See Fla.R.Crim.P. 3.800.