DAVIS, Judge.
George Sylvester appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.
Sylvester entered a negotiated plea of guilty in three separate cases on December 30, 1996. All three cases were included on the same negotiated plea form and on one scoresheet. In case number 96-4612, Sylvester pleaded guilty to three counts of lewd and lascivious acts with a minor. He was sentenced as a habitual offender to four years’ incarceration to be followed by four years’ probation. In case number 96-06849, Sylvester was sentenced to four years’ probation for one count of grand theft. In 96-9856, he was placed on four years’ probation for one count of obtaining property with a worthless check. The probation sentences of the latter two cases were to run concurrently with each other and with the probationary portion of the sentence in case number 96-4612. The plea agreement further provided that Sylvester was to receive 369 days credit for time served.
After serving the incarcerative portion of his sentence, Sylvester was released to serve his probation. Subsequently, the trial court found that Sylvester had violated the terms of his probation and revoked the probation in each of the three cases. At resentencing, the trial court sentenced Sylvester to 106 months’ incarceration as a *979 habitual offender in each case. Sylvester now challenges these sentences.
The trial court summarily denied Sylvester’s motion, which alleged a miscalculation of the credit due him for time he previously had served. The trial court, however, erred in two respects in denying Sylvester’s claim. First, the trial court found that the record supported the finding that Sylvester had received the appropriate prison credit for each case. However, the record in fact refutes that finding. Sylvester is entitled to have the credit for time spent in prison serving the sentence in case 96-4612 applied to the sentences in both of the other cases. See Tripp v. State, 622 So.2d 941 (Fla.1993). The judgments and sentences in 96-0649 and 96-09866 do not reflect the court’s awarding of such credit. Accordingly, the trial court erred in finding that Sylvester was not entitled to such relief.
Additionally, the trial court erred in finding that Sylvester was not entitled to further credit for time served in the county jail. Although the trial court acknowledges that the original plea agreement provided Sylvester with 369 days’ credit for jail time served, it recognized that at resentencing the sentencing judge recalculated the credit and awarded a lesser amount. The trial court concluded that the award reflected the actual time served and ruled that since Sylvester had violated his probation, the plea agreement was no longer controlling. This was error. See Bradley v. State, 727 So.2d 1001 (Fla. 4th DCA 1999). Sylvester is entitled to the 369 days credit negotiated in the plea agreement as well as credit for the time he spent in jail awaiting the violation of probation proceedings on each case. We therefore reverse and remand with instructions to the trial court to reconsider Sylvester’s motion in light of this opinion.
Reversed and remanded.
FULMER and CANADY, JJ., concur.