DAVIS, Judge.
Elvis Burns challenges the posteonviction court’s order denying his motion for clarification filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Burns did not allege that his sentence was illegal but rather that the Department of Corrections erred in running his sentences in cases 2003-CF-10242 and 2003-CF-5174 consecutively. In his motion, he asked the trial court to clarify for the Department the concurrent nature of his sentences. The postconviction court denied the motion.
Burns’ sentences in the two cases stem from charges filed in separate infor-mations, and the sentences were imposed on separate days. Neither judgment and sentence makes any reference to the other sentence, nor is there any other indication in the record before this court that the sentencing court intended to impose concurrent sentences. Accordingly, on the face of the record, there is no error in running the two sentences consecutively, and the postconviction court was correct in denying the motion to clarify. See § 921.16(1), Fla. Stat. (2000).
On appeal, Burns also raised several other claims; however, none of these were properly raised before the postcon-viction court and therefore cannot be considered for the first time on appeal. See Campbell v. State, 884 So.2d 190 (Fla. 2d DCA 2004). We note that Burns’ motion did not allege, nor does this opinion address, a claim of illegal sentence on the basis of a discrepancy between the oral and written sentences imposed, as was the case in Nielson v. State, 984 So.2d 587 (Fla. 2d DCA 2008).
Affirmed.
FULMER and VILLANTI, JJ., Concur.