995 So.2d 1172 (2008)
Michael WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-4483.
District Court of Appeal of Florida, Fourth District.
December 10, 2008.
*1173 Michael White, Blountstown, pro se.
No appearance required for appellee.
PER CURIAM.
Michael White filed a "Petition for an Exigent Writ for Extraordinary Relief." He alleges that he is entitled to additional credit for time served in jail, that the trial court has failed to timely act on his requests for relief, and that with the additional credit he is entitled to immediate release. We treat this proceeding as seeking a writ of habeas corpus and deny the petition.
According to White's petition, in March 2004, he was convicted of purchase of cocaine and placed on probation. He was credited with 71 days in jail at that time. Later, he violated probation, and he was held in jail for 30 days. His supervision was modified to two years of community control. He was then arrested in New York for violating supervision in this case and was held for 96 days. He was extradited to Florida and was held in a Florida jail for an additional 40 days.
On April 23, 2008, White entered a negotiated no-contest plea, admitting the violation, and was sentenced to 366 days in prison. The plea agreement called for this specific sentence and contemplated that White would receive 107 days credit for time he was held in jail from a certain date. White signed and initialed the plea form which indicates in bold and all capital letters: "I AM WAIVING ALL OTHER CREDIT FOR TIME ALREADY SERVED."
In a series of filings in the circuit court, and in the instant petition, he alleges that he is entitled to an additional 130 days of credit and that with this credit his sentence is already complete.
A defendant is entitled to credit for all time served in Florida jails before sentencing. § 921.161(1), Fla. Stat. (2008).[1] Jail credit may be waived, but the waiver must be specific, voluntary and clear from the face of the record. Robinson v. State, 827 So.2d 345 (Fla. 4th DCA 2002). See *1174 Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995).
In his plea agreement, White appears to have clearly waived all other credit for time already served. He agreed to serve a specific amount of time in prison. Because White entered into a negotiated plea agreement that called for a specific sentence and that contemplated a specific amount of credit for time served from a particular date, a claim for additional jail credit for time served before this date may be waived. Hines v. State, 906 So.2d 1137 (Fla. 3d DCA 2005).
We agree with the Third District Court of Appeal that, even if the plea agreement was entered into based on a mutual mistake of fact as to the amount of jail credit White was entitled to receive, the proper remedy is not the absurd result of requiring the defendant's immediate release. Rivera v. State, 954 So.2d 1216, 1218 (Fla. 3d DCA 2007), rev. granted, 968 So.2d 557 (Fla.2007).
"Whether viewed as involving a mutual mistake of material fact, or an involuntary plea, the remedy is not to grant the defendant immediate release. The defendant may stand by the plea bargain as is, or may withdraw his plea and proceed to a hearing on the original revocation of probation charges."
Id. at 1218 (quoting the concurring opinion in Fulcher v. State, 875 So.2d 647, 650 (Fla. 3d DCA 2004)). See also Johnson v. State, 974 So.2d 1152 (Fla. 3d DCA 2008).
If White were in fact entitled to additional jail credit, or if he could establish that he did not knowingly waive his entitlement to additional jail credit and that his plea was involuntary, the proper remedy is not to grant him the windfall of immediate release. Such a result would nullify the specific sentence contemplated by the plea bargain. He can stand by the agreement as contemplated or withdraw from the plea agreement. If he withdraws from the plea agreement, the state should then be permitted to proceed with a violation of probation hearing. If probation is revoked after such hearing, White would again be facing the statutory maximum of fifteen years in prison for this second-degree felony, as if the plea agreement had not existed. He is not entitled to immediate release.
The petition is DENIED.
POLEN, FARMER and SHAHOOD, JJ., concur.
NOTES
[1] A trial court has discretion to award credit for time served in foreign jails for a Florida charge but the court is not required to do so. Kronz v. State, 462 So.2d 450, 451 (Fla.1985). See also Gomez v. State, 984 So.2d 577 (Fla. 4th DCA 2008).