WETHERELL, J.
Appellant raises two issues in this direct appeal: 1) whether the trial court erred by not giving him the proper amount of jail credit, and 2) whether the trial court erred in finding him in violation of probation (VOP). We affirm the second issue without discussion, and for the reasons that follow, we reverse the first issue and remand for further proceedings.
In August 2007, pursuant to a plea agreement, Appellant was sentenced to a total of 10 years of probation in Case Nos. 2006-438-CF and 2007-104-CF. The judgment and sentence in those cases reflect that Appellant was awarded 210 days of jail credit in the 2006 case and 138 days of jail credit in the 2007 case.
On October 2, 2007, Appellant was arrested for a VOP. He remained in jail until the VOP hearing on January 16, 2008, at which the trial court found him guilty of the VOP, revoked his probation, and sentenced him to five years in prison followed by five years of probation with credit for time served. There was confusion at the VOP hearing regarding the amount of jail credit to which Appellant was entitled, and the trial court reserved ruling on the issue.[1]
The judgment and sentence entered after the VOP hearing included the notation “to be submitted by separate order” on the line for jail credit. Similar language was included in the orders revoking Appellant’s probation. No separate order on jail credit was entered by the trial court before this appeal was filed.
Appellant filed a motion to correct his sentence pursuant to rule 3.800(b)(2) while this appeal was pending. The motion requested “seven (7) months in 06-CF-670 *797 [sic]; and four (4) months and 28 days jail credit in 07-CF-104,” and an additional 107 days of credit in both cases for the time served by Appellant between his arrest and the VOP hearing.[2]
The trial court denied the motion, but awarded Appellant 129 days of credit in the 2006 ease and 248 days of credit in the 2007 case. It is unclear how the trial court came up with those figures. The trial court’s order stated that “Defendant’s motion fails to facially demonstrate how he is entitled to jail credit in excess of the stipulated credits of 129 days credit on 06-438 and 248 days credit on 07-0104,” but we cannot find such a stipulation in the record.
Jail credit cannot be rescinded after it has been awarded, even if the award was made in error. See Wheeler v. State, 880 So.2d 1260, 1261 (Fla. 1st DCA 2004). Without the stipulation referenced by the trial court, the record does not refute Appellant’s claim that the trial court failed to award him the proper amount of jail credit. Accordingly, we reverse and remand for further proceedings for the trial court to award Appellant all of the jail credit that he has earned.
AFFIRMED in part; REVERSED in part; and REMANDED.
HAWKES, C.J., and WOLF, J., concur.

. The following colloquy was had on this issue during the sentencing portion of the VOP hearing:
The Court:.... As to the matter of credit for time served, has there been any calculation for credit for time served?
[Defense counsel]: Yes, sir.I believe on the initial arrest he had 210, and then he has 106 since he has been in jail on the violation, which comes out to be — I am sure they can verify — that is what [Appellant] just told me.
[Prosecutor]: I am going with 270 calculation, Judge. He doesn’t get credit for his time in Alachua, which he may be trying to add in.
[Appellant]: I had 210 days when I was sentenced here in August. And, I have been locked up in the county jail since October 2nd.
[Prosecutor]: Judge, I have a copy of the certified copy of his judgment and sentence. The court awarded him on August 18th of '07, 138 days credit for time served.
[Appellant]: That was on the driving charge.
The Court: At this time he will have credit for time served to be established by subsequent order that will be presented with documentation by the State for agreement or objection by the defense. And .it will be established by subsequent order.

. It is unclear how Appellant calculated these figures. Assuming a 30-day month, the “seven (7) months” requested in the 2006 case would equate to the 210 days awarded in the original judgment and sentence, but the "four (4) months and 28 days” requested in the 2007 case would be 148 days rather than the 138 days awarded in the original judgment and sentence. Additionally, as recognized by Appellant’s counsel at the VOP hearing, there are only 106 days between October 2, 2007, and January 16, 2008.