PARIENTE, J.,
concurring.
A defendant is entitled to credit “for all time served” in Florida jails before sentencing. § 921.161(1), Fla. Stat. (2010). Jail credit may be waived, but the waiver must be specific, voluntary, and clear from the face of the record.[3] Therefore, if the defendant did not waive additional credit to time served as a result of a negotiated plea, the claim can be a basis to set aside a plea agreement. However, I agree with the majority that the claim made by the defendant in this case cannot be raised through rule 3.800(a), because the “proper credit for time served” is not demonstrated on the face of the court records.
The question in this case remains whether these defendants affirmatively waived their entitlement to any additional credit for time served when they entered the written plea agreement. There is no evidence of an affirmative waiver in the record. Because the issue of credit for time served is one of the essential aspects of a sentence, I would require in the future that the defendant be explicitly advised of his entitlement to credit for time served and that waiver of any additional credit for time served be explicitly set forth in the plea agreement and the plea colloquy. For example, in White v. State, 995 So.2d 1172, 1174 (Fla. 4th DCA 2008), the Fourth District held that the defendant waived any claim for additional time served because he had entered a negotiated agreement that called for a specific sentence, which contemplated a specific amount of credit for time served. The provision in the plea form in White also contained the following in bold and capital letters: “I AM WAIVING ALL OTHER CREDIT FOR TIME ALREADY SERVED.” Mat 1173.
While not granting relief in this case, the Court has determined that in the future all plea agreements and colloquies specifically address the issue of credit for time served and contain an explicit waiver. The exact form of the colloquy and waiver will be referred to the appropriate rules committee.
QUINCE, J., concurs.

. Unfortunately, the reality is that in the year 2011, to my knowledge, there is no reliable integrated computer system that would ensure that the precise amount of credit for time served would be easily ascertainable to the judge and the parties at the time of the sentencing.