COHEN, J.
William Cox challenges the trial court’s refusal to award credit for jail time served prior to a violation of probation. We reverse.
Cox was originally charged with a home invasion robbery. After entering a plea, he was sentenced to 364 days’ incarceration followed by five years’ probation.[1] Not long after his release from jail, he violated probation. Following an admission to the violation of probation, his probation was revoked and he was sentenced to 44.25 months in the Department of Corrections with credit for the twenty-eight days served, the time spent in jail following his arrest on the violation of probation. Cox specifically inquired about his credit for the year in the county jail he had previously served, to no avail. It is clear that Cox did not waive his right to entitlement to credit for that time served.
After filing a notice of appeal, appellate counsel filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), seeking credit for the time Cox previously served as part of the original sentence. That motion was denied.
We have no transcript and cannot determine what position, if any, the State took on the motion to correct the sentencing error. On appeal, the State quite correctly has conceded error. Florida law requires the award of jail time credit unless the accused has waived his or her right to this entitlement. Briggs v. State, 929 So.2d 1151, 1153 (Fla. 5th DCA 2006). The fact that a defendant is resentenced following a violation of probation does not alter this outcome. Tomiuk v. State, 663 So.2d 681, 681 (Fla. 5th DCA 1995); see also § 921.0017, Fla. Stat. (2011); Saavedra v. State, 59 So.3d 191, 192 (Fla. 3d DCA 2011).
REVERSED and REMANDED.
ORFINGER, C.J. and SAWAYA, J., concur.

. That sentence was imposed by a prior judge.