EMAS, J.
Melvin Lopez appeals the trial court’s summary denial of his motion, filed pursu *992 ant to Florida Rule of Criminal Procedure 3.800, seeking an award of additional credit for time served. We reverse.
The material facts are not in dispute. Lopez was originally charged in 2002. Following a negotiated plea in 2003, he was placed on two years of community control followed by ten years’ probation. From 2003 to 2007, Lopez was arrested in Miami-Dade County on at least three separate occasions and charged with violating his probation. On each of those occasions, he spent time in the county jail awaiting a disposition of the violations.. On each of those occasions, Lopez was reinstated to probation.[1]
In the instant violation, Lopez was taken into custody and held in the county jail from February 2, 2010 until March 30, 2011. At that time, Lopez entered an admission to the violation of probation and a sentencing hearing was held at which Lopez sought a downward departure sentence. This was not a plea negotiated between the State and defense, but an open plea to the court. Following a presentation by the defense, the trial court revoked probation and sentenced Lopez to seven years in prison. At the conclusion of the trial court’s sentencing announcement, it indicated Lopez would only receive “credit for time served since the last booking date [i.e., from February 2, 2010 to March 30, 2011].” The issue of credit for time served was not discussed at any other time during the sentencing proceeding, and the trial court did not discuss this issue with Lopez or his counsel before awarding this limited credit for time served.
Lopez thereafter filed a motion seeking additional credit for the time he had served in the county jail while awaiting disposition of his previous probation violations.[2] The trial court summarily denied the motion and this appeal followed.
Ordinarily, a defendant is entitled to all credit for time served in county jail awaiting sentencing. See § 921.161(1), Fla. Stat. (2011) (“[T]he court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence”); Ryan v. State, 837 So.2d 1075, 1076 (Fla. 3d DCA 2003) (stating “[t]he general rule is that a sentence that does not mandate credit for time served is illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served”).
An exception to this general rule allows a defendant to waive his right to some or all of his credit for time served; however, such a waiver must be knowing and voluntary. The most common example of such a waiver occurs in the context of a negotiated plea. See e.g., Joyner v. State, 988 So.2d 670 (Fla. 3d DCA 2008); Render v. State, 802 So.2d 512 (Fla. 3d DCA 2001). Had the defendant knowingly and voluntarily entered a negotiated plea, and had such a negotiated plea included a condition that the defendant would only receive credit for the time he spent in custody since his most recent arrest (i.e., from February 2, 2010 to March 30, 2011), the trial court’s sentence in this case would *993 have been proper, as Lopez would have waived any right to receive credit for any time spent in custody on his previous violations of probation. Such is not the case here, and the State properly acknowledges that Lopez entered an open plea to the court, admitting to the violation and seeking a downward departure sentence. At no time did the sentencing court discuss with Lopez a waiver of any credit for time served; nor did the court condition its acceptance of the plea upon Lopez waiving such credit. - Under these circumstances, and in the absence of a waiver on the record, the trial court did not have the authority to impose a sentence without granting Lopez credit for all time previously served in the county jail.
The State argues, however, that this Court should not reverse, because Lopez failed to obtain and attach a copy of the sentencing transcript.[3] The State urges us to instead affirm the trial court without prejudice for Lopez to amend his motion and attach the sentencing transcript. At first blush, this may appear unnecessary, given the plain reading of the sentencing transcript and the absence of any indication that Lopez, during the sentencing proceeding, knowingly and voluntarily waived his right to an award of all credit for time served. However, there is one practical argument in support of the State’s position: because Lopez failed to provide the trial court and the State with the sentencing transcript, the State was never given the opportunity to offer any evidence to establish that Lopez, at some time other than this sentencing, agreed to waive some portion of his credit for time previously served in the county jail. Although the existence of such evidence would appear unlikely under the circumstances of this case, the State should nevertheless be given this opportunity on remand.
We therefore reverse the order denying the motion for additional credit for time served and remand with directions to the trial court to hold a hearing, at which time the State shall be permitted the opportunity to present evidence to establish Lopez is not entitled to all credit for time served. Should the trial court determine that the State has presented such evidence, it shall enter an order accordingly. Should the trial court determine that the evidence establishes that Lopez is entitled to all credit for time served, the trial court shall calculate the total amount of credit to which defendant is entitled for all time previously served in the county jail, and shall enter an amended sentence properly reflecting that credit.
Reversed and remanded with directions.

. On Lopez' third violation (in 2007), the trial court revoked Lopez’s probation and sentenced him. However, upon the filing of a postconviction motion, that sentence was vacated, and the trial court again restored Lopez to probation.

. Because Lopez has asserted in his various pleadings an entitlement to conflicting amounts of credit, it is not altogether clear how much credit for time served Lopez is actually entitled to. However, this calculation can be made by the trial court following remand.

. During the pendency of this appeal, this Court requested the lower court to provide a copy of the transcript of the sentencing proceeding. Evidently a transcript had not yet been prepared; it was prepared following this Court’s request, and was thereafter provided by the lower court.