LOGUE, J.
Shaban Mohammad appeals from an order denying his motion to correct his sentence. The sentence was entered based upon Mohammad’s plea bargain with the State admitting to violating his probation from an earlier conviction. Mohammad seeks an award of all credit for time previously served in his case.
In the first place, we agree with the First, Second, Fourth, and Fifth Districts that a defendant who receives a sentence as a result of a violation of probation is generally entitled to all credit for time served, including time spent in jail awaiting the resolution of the original case; the time served upon his original sentence; and time served in jail pending the outcome of the subsequent probation violation. Barnes v. State, 74 So.3d 1135, 1136 (Fla. 2d DCA 2011) (“[A] probation violator sentenced to prison is entitled to credit for time served in jail awaiting the original probationary sentence”) (citation omitted); Powell v. State, 763 So.2d 364, 366 (Fla. 4th DCA 1998) (“A defendant who is re-sentenced to prison after violation of the probationary portion of his split sentence is entitled to credit for time actually served on the prison portion of his split sentence prior to the commencement of the probationary term.”); Tomiuk v. State, 663 So.2d 681 (Fla. 5th DCA 1995) (“[J]ail time credit is not forfeited when a defendant is resentenced as a result of a violation of probation or community control.”); Bowers v. State, 645 So.2d 1108 (Fla. 1st DCA 1994) (“We reverse and remand for correction of the sentence to credit Bowers for actual time served on his original sentence ... plus 55 days previously credited for time served prior to imposition of the original sentence”).
The exceptions to this doctrine do not apply here. In particular, there is no evidence in the record that Mohammad waived his entitlement to full credit for time served as part of his plea with the court. Accordingly, we reverse and remand with instructions that the trial court enter a sentence that reflects full credit for time served. See Lopez v. State, 103 So.3d 991, 993 (Fla. 3d DCA 2012) (“At no time did the sentencing court discuss with Lopez a waiver of any credit for time served; nor did the court condition its acceptance of the plea upon Lopez waiving such credit. Under these circumstances, and in the absence of a waiver on the record, the trial court did not have the authority to impose a sentence without granting Lopez credit for all time previously served in the county jail.”); Ryan v. State, 837 So.2d 1075,1076 (Fla. 3d DCA 2003) (“[Ajlthough a defendant can waive credit for time served as part of a plea agreement, such waiver must be clearly shown on the record.”).
Reversed and remanded.