NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| AMANDA MALDONADO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-990 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed August 20, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Glades County; Donald H. Mason,
Judge.

Amanda Maldonado, pro se.

CASANUEVA, Judge.

Amanda Maldonado appeals the postconviction order denying her motion

for jail time credit filed under Florida Rule of Criminal Procedure 3.800(a). We reverse.

Ms. Maldonado entered a negotiated no contest plea to two counts of petit

theft and two counts of dealing in stolen property. The court sentenced her to time

served for petit theft and two years' incarceration suspended pending two years of drug

offender probation and completion of the drug court program for each count of dealing

in stolen property. The drug court participation agreement provided that "all credit for time served is waived at the time this twenty[-]four (24) month sentence is imposed."

The court revoked Ms. Maldonado's probation upon finding that she violated the conditions of her probation and imposed the two-year suspended sentence. Ms. Maldonado then filed a motion for correction of jail credit under rule 3.800(a), seeking credit for time served prior to the entry of her plea, credit for time served for drug court sanctions, and credit for time served following her arrest for violation of probation. The postconviction court denied the motion, reasoning that Ms. Maldonado had waived all jail credit and that "a waiver is a waiver," citing Bradley v. State, 727 So. 2d 1001, 1002 (Fla. 4th DCA 1999).

As a threshold matter, the postconviction court should have considered the motion under Florida Rule of Criminal Procedure 3.801, which allows a defendant to move for credit for time spent in county jail before sentencing. However, under rule 3.801(c), Ms. Maldonado's motion, although sworn to, was facially insufficient because she failed to allege

> (4) whether any other criminal charges were pending at the time of the incarceration noted in subdivision (c)(3), and if so, the location, case number and resolution of the charges; and
> (5) whether the defendant waived any county jail credit at the time of sentencing, and if so, the number of days waived.

On remand, the postconviction court shall provide Ms. Maldonado sixty days' leave to file a facially sufficient motion under rule 3.801. See Fla. R. Crim. P. 3.801(e), 3.850(f)(2).

For purposes of the proceedings on remand, should Ms. Maldonado file a facially sufficient rule 3.801 motion, we address her argument that the trial court erred

because the pre-plea jail credit she sought was orally awarded and her waiver of "all" jail credit did not apply to credit acquired subsequent to the waiver. We must reject this argument, as Ms. Maldonado did not allege that there was a discrepancy between the oral pronouncement and written sentence. See Burns v. State, 995 So. 2d 1115, 1115 (Fla. 2d DCA 2008) ("On appeal, Burns also raised several other claims; however, none of these were properly raised before the postconviction court and therefore cannot be considered for the first time on appeal.").

We also address the postconviction court's conclusion that "a waiver is a waiver" for all purposes. The waiver in Ms. Maldonado's drug-court participation agreement does not conclusively refute her claim that she is entitled to additional credit for time served in jail as a drug-court sanction or after she was charged with violating probation but before her sentence was imposed. Section 921.161, Florida Statutes (2011), entitles a defendant to jail time credit for the time he or she spends in county jail "before sentence." A defendant may waive this entitlement. See Hagan v. State, 25 So. 3d 639, 640 (Fla. 1st DCA 2009). But a waiver of jail time credit must be specific, voluntary, and clear from the face of the record. See White v. State, 995 So. 2d 1172, 1173 (Fla. 4th DCA 2008); Hill v. State, 985 So. 2d 1216, 1217 (Fla. 5th DCA 2008); see also Johnson v. State, 60 So. 3d 1045, 1053 (Fla. 2011) (Pariente, J., concurring).

A claim that a defendant is entitled to jail credit earned subsequent to the entry of her plea is not conclusively refuted by a waiver of "all" jail credit, as a waiver of "all" jail credit at the time of the plea does not have "the effect of specifically and voluntarily waiving any credit to which [the defendant] thereafter may have become

- 3 -

entitled." Williams v. State, 711 So. 2d 1369, 1370 (Fla. 4th DCA 1998).[1]  The postconviction court interpreted Bradley too broadly.  Bradley did not discuss the waiver of jail credit acquired subsequent to the entry of a defendant's plea.  Bradley stands for the proposition that a waiver of a specific amount of jail credit applies to the original sentence and any subsequent resentencing.  727 So. 2d at 1002; see also Sylvester v. State, 842 So. 2d 977, 979 (Fla. 2d DCA 2003) (holding that upon the violation of probation of a sentence imposed pursuant to a plea bargain, the defendant is entitled to both the credit agreed upon in the plea agreement and credit for time spent in jail awaiting the violation of probation proceedings (citing Bradley, 727 So. 2d at 1002)).

Accordingly, we reverse the denial of Ms. Maldonado's motion with directions for the postconviction court to allow her an opportunity to file a facially sufficient motion.  Should she do so, the postconviction court shall follow the procedure required by rules 3.801(e) and 3.850(f).  As it appears that Ms. Maldonado is scheduled for release in September, we encourage her to file her amended motion without delay and the postconviction court to expedite the proceedings.

Reversed and remanded with instructions.


ALTENBERND and CRENSHAW, JJ., Concur.

---

[1]The defendant in Williams sought credit for time spent on a drug farm. Since the decision in Williams, the supreme court has held that defendants are not entitled to credit for time spent in drug treatment facilities as a condition of probation. See State v. Cregan, 908 So. 2d 387, 391 (Fla. 2005).