PER CURIAM.
Doloretine Pippins appeals the summary denial of her Florida Rule of Criminal Procedure 3.801 motion for jail time credit. See Fla. R. Crim. P. 3.801. She argues that the trial court erred in relying on the written plea form to deny her motion in the absence of a separate provision in the agreement explicitly waiving the additional credit that she seeks. We agree and reverse.
“Jail credit may be waived, but the waiver must be specific, voluntary and clear from the face of the record.” White v. State, 995 So.2d 1172, 1173 (Fla. 4th DCA 2008). Because the written plea form in the instant case does not expressly provide that Pippins waived additional jail credit, and because Pippins specifically alleged in her motion that she had not waived the additional credit, a factual dispute exists regarding the issue of waiver that may require a hearing. See Fla. R. Crim. P. 3.801(e). Accordingly, we reverse the order of the trial court and remand for an *666 evidentiary hearing or attachment of additional portions of the record specifically refuting the claim. See id.; Louis v. State, 143 So.Sd 452, 458 (Fla. 5th DCA 2014) (“When, as in this case, a factual dispute exists, and the files and records do not conclusively show appellant is entitled to no relief, an evidentiary hearing is generally required.”).
REVERSED and REMANDED with instructions.
BERGER and WALLIS, JJ., concur.
COHEN, J., concurs specially, with opinion.