PER CURIAM.
The appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), challenging the imposition of a Prison Releasee Reoffender (PRR) sentence for possession of cocaine. Upon the State’s proper concession of error, we reverse and remand the denial of the motion.
In 1998, the appellant was convicted of aggravated assault on a law enforcement officer (count I), resisting an officer with violence (count II), and possession of cocaine (count III). He was sentenced to 15 years’ imprisonment as a PRR for count I, 5 years’ imprisonment as a PRR for count II, and 5 years’ imprisonment as a PRR for count III. All the sentences were imposed consecutively to each other.
The appellant alleges that his PRR sentence for possession of cocaine (count III) is illegal because that crime is not an enumerated felony that qualifies for PRR sentencing. According to section 775.082(8)(a)l., Florida Statutes (1998),[1] a PRR is a defendant who commits certain enumerated felonies within 3 years after his or her release from prison. Possession of cocaine is not an enumerated felony. The trial court found that the crime qualified under section 775.082(8)(a)l.(o), which allowed a PRR sentence for “any felony that involves the use or threat of physical force against an individual.” The trial court reasoned that the appellant possessed the cocaine at the time he committed the aggravated assault and resisting offenses, and therefore, the possession charge qualified as an offense that involved the threat of force or violence. We reject the trial court’s reasoning.
The appellant’s PRR sentence for possession of cocaine is illegal, as possession of cocaine is not an enumerated offense and does not involve the use or threat of physical force. See Gonzalez v. State, 810 So.2d 1051 (Fla. 3d DCA 2002). Accordingly, we reverse and remand for the trial court to resentence the appellant on count III. The appellant shall have the right to be present on resentencing. See Lamb v. State, 32 So.3d 117, 119 (Fla. 2d DCA 2009).
Reversed and Remanded for further proceedings consistent with this opinion.
ROBERTS, C.J., BENTON, and KELSEY, JJ., concur.

. The PRR statute is now at § 775.082(9)(a), Fla. Stat. (2015).