IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICHARD ALFRED
WASHINGTON,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.                        CASE NO. 1D15-0915

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed September 8, 2016.

An appeal from the Circuit Court for Duval County.
Charles W. Arnold, Judge.

Nancy A. Daniels, Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

    Appellant, Richard Alfred Washington, challenges his convictions and sentences for false imprisonment, felony battery, and aggravated assault. We affirm

the convictions without further discussion, but reverse and remand the sentences for the reasons that follow.

At the sentencing hearing, the trial court adjudicated Appellant guilty of false imprisonment (Count 1), felony battery (Count 2), and aggravated assault (Count 3) and sentenced him on each count as a prison releasee reoffender ("PRR") to a minimum mandatory term of five years of imprisonment, to run consecutively, with 861 days of credit for time served. Subsequently, the trial court *sua sponte* recalled the case and rescinded the previously awarded jail credit on Counts 2 and 3, explaining it had erroneously believed the law required it to award jail credit as to each count. The trial court then entered a judgment and sentence reflecting that Appellant was sentenced on each count as a PRR to a minimum mandatory term of five years of imprisonment, to run consecutively, with 861 days of jail credit on Count 1 only. While this appeal was pending, Appellant filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), unsuccessfully challenging his PRR designation on Counts 1 and 2 and the rescission of jail credit on Counts 2 and 3.

The legality of a sentence presents a question of law and is reviewed *de novo*. Clowers v. State, 31 So. 3d 962, 966 (Fla. 1st DCA 2010). As Appellant contends, false imprisonment and felony battery do not qualify for PRR sentencing given that they are not enumerated offenses under section 775.082(9)(a), Florida

2

Statutes. See § 775.082(9)(a)1., Fla. Stat. (2012) (defining a PRR as a defendant who commits or attempts to commit one of the enumerated offenses—which do not include false imprisonment or felony battery—within three years of being released from prison); Lamb v. State, 32 So. 3d 117, 119 (Fla. 2d DCA 2009) (concluding that false imprisonment does not qualify for PRR sentencing because it is not a listed offense under the PRR statute and its elements do not necessarily involve the use or threat of physical force or violence); Johns v. State, 971 So. 2d 271, 272 (Fla. 1st DCA 2008) (concluding that a PRR designation is improper for a felony battery conviction under section 784.03(2), Florida Statutes, because that statute merely reclassifies simple battery as a felony battery based on a prior battery conviction); see also Sheffield v. State, 177 So. 3d 699, 700 (Fla. 1st DCA 2015) (concluding that the appellant's PRR sentence for possession of cocaine was illegal because that offense is not an enumerated offense under the PRR statute and does not involve the use or threat of physical force).

Moreover, "[t]his court views the rescission of previously awarded jail credit as an increased penalty and a violation of the defendant's rights under the Fifth Amendment of the United States Constitution." Session v. State, 37 So. 3d 873, 873 (Fla. 1st DCA 2010). Thus, we prohibit the rescission of jail credit, even when it was awarded in error. Davis v. State, 63 So. 3d 847, 847 (Fla. 1st DCA 2011); see also Harris v. State, 74 So. 3d 1099 (Fla. 1st DCA 2011) (reversing and remanding

3

for the reinstatement of jail credit that was improperly rescinded); Palmer v. State, 22 So. 3d 795, 797 (Fla. 1st DCA 2009) ("Jail credit cannot be rescinded after it has been awarded, even if the award was made in error."); Stang v. State, 24 So. 3d 566, 570 (Fla. 2d DCA 2009) ("[A] trial court may not rescind jail credit that was previously awarded, even if the initial award was improper, because such an action violates double jeopardy."); Wheeler v. State, 880 So. 2d 1260, 1261 (Fla. 1st DCA 2004) (explaining that "[a] trial court may not sua sponte rescind jail credit previously awarded at any time even if the initial award was improper" because the rescission of previously awarded jail credit is an illegal sentence enhancement that violates the prohibition against double jeopardy). But see Gallinat v. State, 941 So. 2d 1237, 1239 (Fla. 5th DCA 2006) (recognizing "precedent from both the First and Second Districts holding that a trial court can *never* correct an erroneous award of too much jail credit on the theory that this increases the sentence in violation of the prohibition against double jeopardy," but rejecting that position because "[i]n our view, [] correcting an erroneous jail credit calculation in no way increases the sentence imposed. With a few exceptions, . . . the question is simply a factual one of how much of the imposed sentence a defendant has already served").

Therefore, as the State properly concedes, the trial court erred by sentencing Appellant as a PRR on Counts 1 and 2 because false imprisonment and felony battery do not qualify for PRR sentencing. Additionally, the trial court erred by rescinding

4

the previously awarded 861 days of jail credit on Counts 2 and 3. Accordingly, we affirm Appellant's convictions, but reverse his sentences and remand for resentencing consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF, LEWIS, and OSTERHAUS, JJ., CONCUR.