# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2020
Lower Tribunal No. 13-26508
_____

**Willie Shotwell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Willie Shotwell, in proper person.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.

Before WELLS, LAGOA, and SALTER, JJ.

LAGOA, J.

Appellant, Willie Shotwell ("Shotwell"), appeals the trial court's denial of his amended motion for correction of jail credit filed pursuant to Florida Rule of

Criminal Procedure 3.801(a). We reverse the trial court's order denying Shotwell's motion with prejudice, and remand to the trial court to provide Shotwell with the opportunity to file an amended, legally sufficient Rule 3.801 motion.

I. FACTUAL AND PROCEDURAL HISTORY

On July 8, 2014, in case number F13-26508, Shotwell pled guilty to one count of aggravated assault with a deadly weapon, and was sentenced to 24 months imprisonment.

On August 26, 2014, pursuant to Rule 3.801, Florida Rules of Criminal Procedure, Shotwell filed a motion for correction of jail credit. In that motion, Shotwell argued that the trial court's files contain documents filed on July 8, 2014—his sentencing date—that conclusively establish that, at the time he was sentenced, he was entitled to 238 days credit for time previously served in Miami-Dade County Jail and that the sentencing court did not award any credit due for time served.

On September 25, 2014, the trial court entered an order summarily denying Shotwell's Rule 3.801 motion as insufficient. Subsequently, Shotwell filed a pro se motion for rehearing acknowledging that the trial court "may have been correct in stating that Mr. Shotwell's Motion was insufficient," as it did not comply with the requirements of Rule 3.801. Shotwell, therefore, asked the trial court for permission to amend his motion for correction of jail credit. On December 4,

2

2014, the trial court summarily denied Shotwell's motion for rehearing as insufficient, and Shotwell filed a Notice of Appeal.

In its response to that appeal, the State conceded error and asked this Court to modify the trial court's decision by affirming the denial of the 3.801 motion to specify that it was without prejudice to Shotwell refiling an amended motion within 60 days. Subsequently, in Shotwell v. State, 183 So. 3d 1070, 1070 (Fla. 3d DCA 2015), this Court affirmed without prejudice to Shotwell filing "an amended, legally sufficient 3.801 petition within sixty (60) days" of the date of the issuance of that opinion—May 6, 2015. Six days later, on May 12, 2015, Shotwell filed an amended 3.801(a) motion for correction of jail credit in this Court. On June 9, 2015, this Court issued an order dismissing Shotwell's amended 3.801(a) motion for correction of jail credit "without prejudice," in order for Shotwell to refile in the circuit court.

On June 17, 2015, Shotwell filed a new Rule 3.801(a) motion for correction of jail credit. In that motion, Shotwell argued that he is entitled to 249 days credit towards his sentence and that he did not waive any of credit for time served. On July 29, 2015, however, the State filed a response which did not acknowledge this Court's previous order allowing Shotwell to refile his Rule 3.801(a) motion.[1]

---

[1] That response was filed by the State Attorney's Office (the "SAO"), not the Attorney General's Office (the "AGO"). In this appeal, the AGO properly conceded that the SAO's response failed to correctly advise the trial court of this Court's order.

Instead, in its response, the State asserted that Shotwell's claim was barred for having been raised in previous motions. Additionally, the State argued that the judgment and sentence showed "that the defendant was to receive no credit for the time he had previously served."

On July 29, 2015, the trial court again entered an order denying Shotwell's amended motion for correction of jail credit. In this written order, the trial court found that Shotwell had previously appealed the trial court's order denying his motion for correction of jail credit. The trial court further found that the trial court's previous "denial was affirmed" by this Court in Case Number 3D14-3127. This current appeal ensued.

## II.     ANALYSIS

Pursuant to Rule 3.801(a), Fla. R. Crim. P., "[a] court may correct a sentence that fails to allow a defendant credit for all of the time he or she spent in the county jail before sentencing as provided in section 921.161, Florida Statutes." A motion filed under Rule 3.801 shall be under oath and include:

> (1) a brief statement of the facts relied on in support of the motion;
> (2) the dates, location of incarceration and total time for credit already provided;
> (3) the dates, location of incarceration and total time for credit the defendant contends was not properly awarded;
> (4) whether any other criminal charges were pending at the time of the incarceration noted in subdivision (c)(3), and if so, the location, case number and resolution of the charges; and

4

> (5) whether the defendant waived any county jail credit at the time of sentencing, and if so, the number of days waived.

See Fla. R. Crim. P. 3.801(c).

Shotwell's motion, although sworn, was facially insufficient as he failed to allege, pursuant to Rule 3.801(c)(4), "whether any other criminal charges were pending at the time of the incarceration noted in subdivision (c)(3), and if so, the location, case number and resolution of the charges."

Assuming that on remand Shotwell files a facially sufficient motion, and to avoid any further confusion on remand, we address Shotwell's argument that the trial court erred in finding that he waived credit pursuant to a plea. In finding that Shotwell waived credit pursuant to a plea, the trial court attached only the sentencing order. Because the sentencing order does not indicate a specific and voluntary waiver, it is insufficient to show whether Shotwell voluntarily waived credit and therefore does not conclusively refute Shotwell's claim. See Maldonado v. State, 145 So. 3d 913, 915 (Fla. 2d DCA 2014) (stating that "a waiver of jail time credit must be specific, voluntary, and clear from the face of the record"); Pippins v. State, 147 So. 3d 665 (Fla. 5th DCA 2014) (reversing trial court's order and remanding for evidentiary hearing or attachment of additional portions of record because written plea form did not expressly provide that defendant had

5

waived additional jail credit and defendant alleged in motion that she had not waived additional credit).

On remand, the post-conviction court shall issue a written order providing Shotwell ninety days to file a facially sufficient motion under Rule 3.801. See Fla. R. Crim. P. 3.801(e), 3.850(f)(2).[2]

Reversed and remanded with instructions.

---

[2] Because Shotwell has been released from prison and is currently on probation, the State asks this Court to deem the appeal moot. We decline the invitation because the jail credit issue may arise in the future in the event of a revocation of probation and Shotwell is entitled to a ruling on the merits upon the filing of a facially sufficient motion.