IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHAEL FULGHAM,

      Appellant,

 v.                              Case No. 5D17-3178

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 12, 2018

3.800 Appeal from the Circuit Court
for Seminole County,
Donna L. Mcintosh, Judge.

Michael Fulgham, Sneads, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Michael Fulgham appeals the trial court's order denying his motion for additional jail credit. See Fla. R. Crim. P. 3.801. He argues that in the absence of any evidence showing he specifically waived credit for jail time, the trial court erred in relying on his written plea form to deny his motion. We agree and reverse. See Pippins v. State, 147 So. 3d 665, 665-66 (Fla. 5th DCA 2014).

The facts of this case are virtually identical to Pippins, where we reversed an order summarily denying the appellant's motion for additional jail credit because the written plea form did not expressly provide that the appellant waived additional jail credit, and the appellant specifically alleged that she had not waived the additional credit. Id. at 665. Here, despite the notation on the plea form that Fulgham would receive fifty-one days credit for time served, he insists that he did not waive any additional credit for the time he served in jail. As such, a factual dispute exists regarding waiver that may require a hearing. See id.; see also Fla. R. Crim. P. 3.801(e). We, therefore, reverse the order under review and remand for attachment of additional portions of the record, such as the plea colloquy, specifically refuting Fulgham's claim or, in the absence of such records, for an evidentiary hearing. See Pippins, 147 So. 3d at 666; Louis v. State, 143 So. 3d 452, 453 (Fla. 5th DCA 2014) ("When, as in this case, a factual dispute exists, and the files and records do not conclusively show appellant is entitled to no relief, an evidentiary hearing is generally required.").

REVERSED and REMANDED with instructions.

TORPY, BERGER and WALLIS, JJ., concur.