# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D18-0765

———————————————

JOSEPH A. BARBESCO,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

———————————————

On appeal from the Circuit Court for Alachua County.
Phillip A. Pena, Judge.

February 5, 2019

PER CURIAM.

Appellant appeals from an order denying in part his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.801. For the reasons below, we reverse the denial of his claim for 414 days of credit for time served in county jail.

On April 13, 2011, Appellant pleaded no contest to counts of kidnapping and robbery in case 2010-CF-109. As to Count I, he was sentenced to a 7-year prison term, to be followed by 3 years of probation, with 460 days of credit for time served applied against the sentence. As to Count II, he was sentenced to a concurrent 5-year prison term, followed by 3 years of probation, with 460 days of credit for time served. Crucially, the plea

agreement reflected that the credit for time served flowed from jail time served in case 2010-CF-100. Nevertheless, as stipulated, Appellant received 460 days of credit for time served as to *both* case 2010-CF-109 and case 2010-CF-100.

During the subsequent probationary period, the State filed an affidavit of probation violation as to case 2010-CF-109, and Appellant entered into an open plea. As to both of the above cases, the lower court accepted Appellant's plea and revoked his probation. The lower court resentenced him to a prison term of 120 months, with 1,915 days of credit for time served, to be followed by 5 years of probation. The jail credit did not include the 460 days which had previously been awarded per the above plea agreement. The trial judge reasoned that Appellant was not legally entitled to the credit as to case 2010-CF-109 because it was served while he was in custody as to case 2010-CF-100. In his present rule 3.801 motion, Appellant contended that the trial court erred in rescinding the 460 days of credit for time served which had previously been awarded. The postconviction court granted the motion in part by awarding an additional 45 days, bringing the total to 1,959 days of credit for time served. However, the court denied credit as to the other 414 days of the original total on the ground that those days were only accrued in case 2010-CF-100, but not case 2010-CF-109.

Appellant's claim has merit as to the 414 days of credit he now seeks. It is well established that a court may not rescind jail credit, even if it has been awarded in error. *See generally Washington v. State*, 199 So. 3d 1110, 1112 (Fla. 1st DCA 2016); *Session v. State*, 37 So. 3d 873, 873 (Fla. 1st DCA 2010) ("[T]he rescission of previously awarded jail credit as an increased penalty and a violation of the defendant's [double jeopardy] rights under the Fifth Amendment of the United States Constitution."); *Wheeler v. State*, 880 So. 2d 1260, 1261 (Fla. 1st DCA 2004) ("[T]he enhancement of a sentence after its initial imposition violates the prohibition against double jeopardy." (quoting *Linton v. State*, 702 So. 2d 236, 236-37 (Fla. 2d DCA 1997)).

Further, jail credit may not be withdrawn upon a resentencing as a result of a probation violation. *See Tomiuk v. State*, 663 So. 2d 681, 681 (Fla. 5th DCA 1995) ("[Section

2

921.161(1)] establishes that jail time credit is not forfeited when a defendant is resentenced as a result of a violation of probation or community control and, therefore, the defendant is entitled to receive credit for the 262 days he served prior to the imposition of the original sentence."); *see also Sylvester v. State*, 842 So. 2d 977 (Fla. 2d DCA 2003) (reversing rescission of previously awarded jail credit upon probation violation where the credit had been a condition of a negotiated plea, despite that the credit had been miscalculated). Absent an express and specific waiver of jail credit as a condition of a plea agreement, all such credit must be awarded at a resentencing upon a probation violation. *See generally Mohammad v. State*, 138 So. 3d 1174 (Fla. 3d DCA 2014).

Accordingly, in this case, it is irrelevant whether Appellant was legally entitled to the jail credit he now seeks. There is no dispute that it was previously awarded, and there is no indication that Appellant waived it as a condition of his plea to violating probation. *See Wheeler*, 880 So. 2d at 1261 ("A trial court may not sua sponte rescind jail credit previously awarded at any time even if the initial award was improper."); *Washington*, 199 So. 3d 1110 at 1112 (same); *Lebron v. State*, 870 So. 2d 165 (Fla. 2d DCA 2004) (same); *see also Mohammad*, 138 So. 3d at1175.

The above authorities provide that since Appellant received 460 days of jail credit as to case 2010-CF-109 at his sentencing on April 13, 2011, none of that credit could be rescinded by the trial court upon his resentencing. Thus, as to case 2010-CF-109, Appellant is entitled to the remaining 414 days of credit for time served which the trial court erred in declining to award. In response to this Court's *Toler** order, the State conceded that Appellant is legally entitled to the jail credit he now seeks. We therefore remand this case back to the lower court so that Appellant's sentence may be amended to reflect his entitlement to that credit. The order on review is affirmed in all other respects.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

\* *Toler v. State*, 493 So. 2d 489 (Fla. 1st DCA 1986).

B.L. THOMAS, C.J., and BILBREY and JAY, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

Joseph A. Barbesco, pro se, Appellant.

Ashley B. Moody, Attorney General, and Jennifer J. Moore and Barbara Debelius, Assistant Attorneys General, Tallahassee, for Appellee.