DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOEL BRADFORD CRIPE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2303

[September 9, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562002CF001142.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

ARTAU, J.

Appellant, Joel Cripe, appeals his sentence. While we otherwise affirm the sentence, we find merit in Appellant's contention that his sentence contains a scrivener's error and that he was not properly given credit for his time served in the county jail.

Following a violation of probation, Appellant was sentenced to thirty-five years in prison under section 812.13(2)(a), Florida Statutes (2002), which allows a maximum of life imprisonment for robbery with a deadly weapon. Appellant successfully filed a motion for post-conviction relief, asserting that he had pled to robbery with a weapon under section 812.13(2)(b), Florida Statutes (2002), which limits the maximum amount of his sentence to thirty years. While awaiting resentencing, Appellant was transported from prison to the county jail on March 20, 2016, where he remained until his resentencing hearing on August 7, 2017—a total of 506 days.

Although the written judgment of Appellant's new sentence correctly stated that he was convicted of robbery with a weapon, it continued to cite

the incorrect statute from his original sentence—812.13(2)(a), rather than the correct statute from his post-conviction relief—812.13(2)(b). Moreover, the trial court failed to credit Appellant with the 506 days served in the county jail while awaiting resentencing.

Under section 921.161(1), Florida Statutes (2002), "the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence." § 921.161(1), Fla. Stat. (2002); *see also White v. State,* 995 So. 2d 1172, 1173 (Fla. 4th DCA 2008) ("A defendant is entitled to credit for all time served in Florida jails before sentencing."). The record reflects that Appellant served 506 days in the county jail, not in the prison as the trial court was apparently led to believe. Accordingly, the denial of 506 days of credit is remanded for the trial court to issue credit for time served in the county jail. The scrivener's error is also remanded to the trial court to correct the statute of Appellant's conviction.

*Remanded with instructions and affirmed as to all other issues.*

GROSS, J., and SCHOSBERG FEUER, SAMANTHA, Associate Judge, concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2