DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

DARRYL C. DANIELS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D21-2737

———————————————

September 20, 2023

Appeal from the Circuit Court for DeSoto County; Don T. Hall, Judge.

Howard L. Dimmig, II, Public Defender, and Karen Kinney, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.

NORTHCUTT, Judge.

The circuit court contemporaneously entered criminal judgments and sentences against Darryl Daniels in five different cases— denominated 19-CF-323, 19-CF-403, 20-CF-241, 20-CF-266, and 20-CF-551—pursuant to a negotiated plea agreement. Daniels has appealed them. We affirm the judgments without further comment. However, we reverse and remand the sentences because the court erred by failing to

credit all of Daniels's jail time that was orally pronounced at his plea and sentencing hearing.

Daniels incurred the five charges at issue while he was incarcerated for other unrelated convictions. The first new charge arose when Daniels was confined at the Florida Civil Commitment Center. After Daniels was sent to the DeSoto County Jail to await a disposition of that charge, he accumulated four more charges. Between Daniels's arrival at the DeSoto County Jail and the date of his sentencing for all five cases, 797 days elapsed.

Daniels pleaded nolo contendere in exchange for negotiated sentences in all five cases. During Daniels's plea and sentencing hearing for the five cases, defense counsel advised that Daniels had "over 700 days" in jail credit attributable to the charges. In an exchange on the record, counsel assured Daniels, and the court announced, that he was to receive all of this jail credit. However, the written sentencing documents did not award Daniels the 797 days of jail credit for all cases as pronounced at his hearing. Instead, the sentencing documents listed varying awards of jail credit based on different arrest dates.

During his direct appeal, Daniels filed a motion under Florida Rule of Criminal Procedure 3.800(b)(2) to correct sentencing error and preserved the jail credit issue for appeal. *See Bustos v. State*, 351 So. 3d 180, 180-81 (Fla. 2d DCA 2022) (holding that a discrepancy between the oral pronouncement and the written sentence makes the current sentence illegal and thus falls under the scope of a rule 3.800(b)(2) motion to correct sentencing error). The circuit court denied Daniels's motion.

When a written sentence conflicts with the sentencing court's oral pronouncement, the oral pronouncement controls. *Ashley v. State*, 850

2

So. 2d 1265, 1268 (Fla. 2003) (noting the "longstanding principle of law-that a court's oral pronouncement of sentence controls over the written document"); *see also, e.g., Tillman v. State*, 346 So. 3d 728, 730 (Fla. 2d DCA 2022) (holding the court's oral pronouncement that defendant would receive jail credit for time served controls over written sentences that did not indicate an award of jail time).

In this case, the court orally pronounced that Daniels would receive credit for all the time he spent in the DeSoto County Jail. But the written sentences that followed gave Daniels credit for only a portion of that time, and they must be corrected. *See Tillman,* 346 So. 3d at 730 (collecting cases supporting the proposition that "while [defendant] was not entitled to jail credit . . . the trial court nonetheless had the discretion to award it"); *Doland v. State*, 310 So. 3d 1051, 1053 (Fla. 2d DCA 2020) ("The State concedes that Doland's plea agreement clearly stated that he was to receive jail credit on each of the first four counts and that he was sentenced accordingly. Thus, DOC's reduction of Doland's jail credit was contrary to his sentence and was unauthorized."); *Sylvester v. State*, 842 So. 2d 977, 979 (Fla. 2d DCA 2003) (defendant was entitled to the 369 days of jail credit negotiated in the plea agreement and trial court erred by reducing the award to the actual time served); *Barbesco v. State*, 264 So. 3d 338, 340 (Fla. 1st DCA 2019) (trial court was required to award jail credit which was a condition of a plea agreement, regardless of whether defendant was legally entitled to it).

We reverse and remand for the entry of amended sentences that provide Daniels with 797 days of credit in all five cases to reflect the total time he served in the DeSoto County Jail.

Affirmed in part, reversed in part, and remanded.

SLEET, C.J., and KELLY, J., Concur.

———————————————————

Opinion subject to revision prior to official publication.